**John WILSON, et al., Plaintiffs,**

v.

**B. L. KENNEDY, et al., Defendants.**

**Civ. No. 27–54.**

District Court of Guam.

Aug. 31, 1954.

Finton J. Phelan, Jr., E. R. Crain, Agana, Guam, for plaintiffs.

Howard D. Porter, Atty. Gen., Leon D. Flores, Island Atty., Agana, Guam, Louis A. Otto, Jr., Richard Rosenberry, Deputy Island Attys., for defendants.

SHRIVER, District Judge.

This matter is before the court on a motion to dismiss for failure to state a cause of action and lack of jurisdiction, and summary judgment as a matter of law filed by the defendants. The plaintiffs have moved for summary judgment. There are in the record briefs, requests for admissions of fact, objections and answers to such requests for admissions of fact, but in the view of the court the basic issues are clear and any detailed discussion will tend to complicate rather than clarify the issues.

The plaintiffs are two employers and two employees of different employers. Their complaint alleges that the defendants, acting without authority, required the plaintiffs and others similarly situated to pay income taxes which were used by the Government of Guam. The plaintiffs request a judgment to the effect that the defendants repay the taxes illegally collected, be enjoined from future illegal collections, and that a declaratory judgment be entered in effect holding that there is no effective territorial income tax law in Guam. The plaintiffs do not contend that if there is an effective income tax law, and if the defendants are 'the proper persons to collect that tax, that the plaintiffs have paid more than the law requires them to pay, nor do they contend that any amounts

paid by them did not reach the Guam Treasury.

This case is a continuance of the so far abortive effort on the part of some taxpayers to avoid the payment of income taxes on income earned in Guam. The defendants are sued as individuals, but they are the former Commissioner of Revenue and Taxation for Guam, and the present Governor, Attorney General, and Director of Finance for Guam, respectively. In their official capacities they are charged with responsibility for tax collection, but there is no specific statute enacted by the Guam Legislature or by the United States Congress which authorizes them to levy and collect income taxes. Such authority, if it exists, must flow by necessary implication from the law creating the tax and the logical assumption that the United States Congress intended that the tax should be collected and used for the benefit of the Government of Guam. The pertinent provisions are Sections 30 and 31 of the Organic Act of Guam.[1]

In an action for a declaratory judgment against the Government of Guam involving these provisions it was held that the Government of Guam has sovereign immunity from suit without its consent.[2] In that case the Court of Appeals pointed out that it offered no expression of opinion on the questions as to the right to sue a tax collector as agent of Guam; or the liability at common law of a tax collector as an individual, citing Great Northern Life Insurance Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121.

Laguana v. Ansell[3] brought before the court and answered many of the questions raised by these plaintiffs. In the Laguana case the issues were not, however, clouded by extraneous details. Laguana contended that Ansell had required his employer to withhold and pay income taxes which were exempt from taxation by the United States in the unincorporated territory of Guam within the meaning of Section 31. The United States intervened. It was conceded that if Section 31 created a territorial income tax to be collected by the proper officials of the Government of Guam, Laguana had no action. This court discussed at length the legislative history and precedents and held that the effect of Section 31 is to impose a territorial income tax to be collected by the proper officials of the Government of Guam. The Court of Appeals affirmed by per curiam opinion for the reasons given in the opinion of this court.

The Laguana case disposed of any question as to the imposition of the tax and the obligation to pay the tax to the proper officials of the Government of Guam. The plaintiffs in the instant case apparently contend, however, that there are no officials of the Government of Guam who have authority to collect the tax and that those officials who pretended to exercise such authority must repay the amounts collected. In the first place we must distinguish between Sec-

1. "48 U.S.C.A. § 1421h. Duties and taxes to constitute fund for benefit of Guam

"All customs duties and Federal income taxes derived from Guam, the proceeds of all taxes collected under the internal-revenue laws of the United States on articles produced in Guam and transported to the United States, its Territories, or possessions, or consumed in Guam, and the proceeds of any other taxes which may be levied by the Congress on the inhabitants of Guam, and all quarantine, passport, immigration, and naturalization fees collected in Guam shall be covered into the treasury of Guam and held in account for the government of Guam, and shall be expended for the benefit and govern-ment of Guam in accordance with the annual budgets. Aug. 1, 1950, c. 512, § 30, 64 Stat. 392."

"48 U.S.C.A. § 1421i. Applicability of Federal income tax laws

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam. Aug. 1, 1950, c. 512, § 31, 64 Stat. 392."

2. Crain v. Government of Guam, D.C., 97 F.Supp. 433, affirmed 9 Cir., 195 F.2d 414.

3. D.C., 102 F.Supp. 919, affirmed 9 Cir., 212 F.2d 207.

tion 31, which makes the income tax laws in force in the United States of America, current and future, in force in Guam, and any authority the Guam Legislature may have to legislate in the field. The United States Congress as the parent legislative body made the "income tax laws" applicable. We are dealing with a law of the United States. In this complex field it would appear that the Congress intended to do more than just levy taxes. It intended that the taxpayer on Guam should be governed by the income tax laws in force in the United States at any given time. Like the taxes themselves, enforcement of collection must necessarily vary or change at the will of the Congress. If the Government of Guam has available facilities to carry out that will, a taxpayer can hardly be heard to complain that he would prefer some different system of collection. As early as 1935 the Treasury Department of the United States ruled in connection with a similar tax in the Virgin Islands[4] that it will be necessary in some sections of the law (Revenue Act of 1934) to substitute the words "Virgin Islands" for the words "United States" in order to give the law proper effect in those islands, and it followed that precedent as regards Guam.[5]

The plaintiffs further complain that the Government of Guam has not established a tax court to consider appeals, but that neglect presents no question which is of justiciable concern to these plaintiffs if their taxes were properly levied and collected. The individual defendants are:

(a) The Governor of Guam who is charged with responsibility faithfully to execute the laws of the United States applicable to Guam and the laws of Guam, 48 U.S.C.A. § 1422(b), 64 Stat. 386.

(b) The Attorney General of Guam who is head of the Department of Law for that government, Government Code of Guam, Section 5101.

(c) The Director of Finance who is the head of the Department of Finance, Government of Guam, Government Code of Guam, Section 5100.

(d) Commissioner of Revenue and Taxation who enforces and administers the territorial income tax (affidavit of Director of Finance).

In the view of this court these plaintiffs can rest secure that these defendants are neither interlopers nor imposters but that they are the duly appointed officials whose responsibility includes the collection of income taxes under Section 31, the appropriate provision of the United States Revenue Code, 26 U.S.C.A., and applicable laws of Guam.

Judging from the absence of reported litigation, the income taxpayers in the Virgin Islands have had no difficulty in determining to what officials their territorial income taxes should be paid, although the law affecting them was enacted in the Naval Appropriations Act of 1921, 42 Stat. 122, 123, and was the same as Section 31:

"except that the proceeds of such taxes shall be paid into the treasuries of said islands."

This court is not unaware of the possibilities of conflicts between two taxing jurisdictions in an appropriate case, but we have no conflict here as these plaintiffs, for themselves and those similarly situated, allege that they are residents of Guam and the income upon which the taxes were levied was earned in Guam. By its intervention in the Laguana case the United States made it abundantly clear that such taxes were to be paid to the Government of Guam in accordance with the precedent set in the Virgin Islands.

The following principles appear to be basic:

1. Section 31 of the Organic Act of Guam imposes a territorial income tax to be paid to and collected by the proper officials of the Government of Guam.

2. The Director of Finance is authorized as the tax collector in Guam

---

4. I.T. 2946 (C.B. XIV-2, 109).

5. 1951-6-13559 I.T. 4046.

to enforce and receive such taxes by himself or his appointees.

3. The tax to be paid ordinarily is measured by the amount of income tax the taxpayer would be required to pay to the United States of America if the taxpayer were residing in the continental United States or its incorporated territories.

4. The applicable provisions in the United States Revenue Code to enforce the payment of the territorial income tax are "income tax laws" within the meaning of Section 31 and are available to the Director of Finance or those authorized by him, subject to those nonsubstantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved.

The defendants' motion for summary judgment is granted and the plaintiffs' motion for summary judgment is denied. The plaintiffs' complaint is dismissed on its merits at plaintiffs' cost.