**The GOVERNMENT OF GUAM, Plaintiff,**
v.
**James K. KAANEHE, Defendant.**
**Cr. No. 21-54.**

District Court of Guam.
Oct. 1, 1954.

Leon D. Flores, Island Atty., Thad Tisdale, Deputy Island Atty., Agana, Guam, for plaintiff.

Palting & Arriola, Agana, Guam, for defendant.

SHRIVER, District Judge.

The defendant was charged with the offense of grand theft, in the nature of embezzlement, under Sections 506 and 490a of the Penal Code of Guam [1] in that he embezzled withholding taxes due the Government of Guam and converted them to his own use. The facts are clear. The defendant and his wife owned and operated a taxi dance hall in Guam, a type of business since abolished by law. He withheld from the earnings of taxi dancers, and other employees, income taxes. He duly reported the withholdings but failed to pay the amounts withheld into the Guam Treasury.

From the period of October 1952 to June 1953 the amounts withheld and unpaid approximated eight thousand dollars. The defendant in a signed statement dated June 9, 1954, admitted the withholdings and non-payment but stated that he put the amounts withheld back into the business in which operation the money was lost. He further stated that in March 1953 he gave the Government of Guam a note covering all of his back taxes, but the evidence clearly showed that the note in question was for other than withheld income taxes.

The questions presented, therefore, are whether in these circumstances the defendant became a trustee for such withholding taxes and whether his use of such taxes for purposes other than payment to the Government of Guam constituted a violation of such trust and a criminal offense under the Penal Code of Guam.

The authority of the Government of Guam to collect income taxes is derived from Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 1421i, which makes the income tax laws in force in the United States of America and those which may hereafter be enacted likewise in force in Guam. In Laguana v. Ansell, 102 F.Supp. 919, affirmed 9 Cir., 212 F.2d 207, this court held that the effect of Section 31 was to create a territorial tax to be collected by the proper officials of the Government of Guam. Laguana was an employee whose employer had withheld and paid income taxes on Laguana's earnings. Laguana was attempting to recover such payments upon the assumption that the Guam collector had no authority to collect as the tax was a federal income tax. In Wilson v. Kennedy, 123 F.Supp. 156, 160, this court granted a summary judgment to the defendant officials in a class action in which the plaintiffs contended that such officials had no local statutory authority to enforce the income tax law. This court held in part:

1. 506. Penal Code of Guam. When contractor, etc., guilty of embezzlement.

Every trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator, or collector, or person otherwise intrusted with or having in his control property for the use of any other person, who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, and any contractor who appropriates money paid to him for any use or purpose, other than for that which he re-

ceived it, is guilty of embezzlement, and the payment of laborers and materialmen for work performed or material furnished in the performance of any contract is hereby declared to be the use and purpose to which the contract price of such contract, or any part thereof, received by the contractor shall be applied.

490a. "Theft" to be substituted. Wherever any law of Guam refers to or mentions larceny, embezzlement, or stealing, said law shall be read and interpreted as if the word "theft" were substituted therefor.

"The applicable provisions in the United States Revenue Code to enforce the payment of the territorial income tax are 'income tax laws' within the meaning of Section 31 and are available to the Director of Finance or those authorized by him, subject to those non-substantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved."

■ Within the reasoning in the Wilson case the applicable statute is 26 U.S.C.A. § 3661,[2] which creates the trust relationship, United States v. Sampsell, 9 Cir., 193 F.2d 154; Hercules Service Parts Corp. v. United States, 6 Cir., 202 F.2d 938. Section 3661 on its face applies only to funds held in trust for the United States, but this court cannot escape the conclusion that when the parent legislative body, the United States Congress, created the territorial income tax it intended that such tax should be assessed and collected on the same basis as federal income taxes. The Treasury Department of the United States in connection with a similar tax in the Virgin Islands had held in 1935, (I.T. 2946, C.B. XIV–2, 109) that it would be necessary in some sections of the law, Revenue Act of 1934, to substitute the words "Virgin Islands" for the words "United States" in order to give the law proper effect in those islands, and it follows that precedent as regards Guam (1951–6–13559 I.T. 4046).

But the Government of Guam completely overlooks the fact in this case that if it relies on Section 3661 to establish the trust, it must take the balance of the statute as well, namely:

"The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with re-

spect to the taxes from which such fund arose."

■ In so far as the court has been advised Section 506 of the Penal Code of Guam has not been incorporated into the Revenue Code of the United States, and certainly this court cannot incorporate it by reference. It is not the business of courts to make income tax laws but to assist in enforcing such laws made by appropriate legislative bodies. In so far as the criminal aspects of the income tax laws of the United States are concerned, there are both laws and precedents. The court will not go outside those laws and precedents in the absence of proper legislative direction.

The defendant is discharged, his bond exonerated, and the information dismissed.

2. 26 U.S.C.A. § 3661. "Enforcement of liability for taxes collected

"Whenever any person is required to collect or withhold any internal-revenue tax from any other person and to pay such tax over to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust

for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. 53 Stat. 448."