**CHICAGO BRIDGE & IRON COMPANY, LTD.,**
Petitioner

v.

**REUBEN B. WHEATLEY, Commissioner of Finance,**
Respondent

No. 237-1967

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 3, 1969

*See, also, 295 F.Supp. 240*

BAILEY, WOOD AND ROSENBERG, ESQS. (WILLIAM W. BAILEY, ESQ., of counsel), *for petitioner*

PETER J. O'DEA, First Assistant Attorney General of the Virgin Islands, *for respondent*

STALEY, *Circuit Judge

OPINION

This motion for judgment on the pleadings comes before the court as a result of Chicago Bridge & Iron Com-

---

* Sitting by designation.

pany's suit for redetermination of its tax liability to the Virgin Islands for the year 1965. Respondent, Reuben B. Wheatley, Commissioner of Finance, disallowed to petitioner the Western Hemisphere Trade Corporation special deduction (Int. Rev. Code of 1954, § 922)[1] of $869.96 claimed by petitioner on its income tax return on the ground that such deduction is not allowable in determining Virgin Islands' income tax to corporations which are not incorporated in (i. e., domestic corporations of) the Virgin Islands.

Under § 921 of the Internal Revenue Code of 1954, the § 922 deduction is available to

"* * * a domestic corporation all of whose business (other than incidental purchases) is done in any country or countries in North, Central, or South America, or in the West Indies, and which satisfies the following conditions:

"(1) if 95 percent or more of the gross income of such domestic corporation for the 3-year period immediately preceding the close of the taxable year (or for such part of such period during which the corporation was in existence) was derived from sources without the United States; and

"(2) if 90 percent or more of its gross income for such period or such part thereof was derived from the active conduct of a trade or business. * * *"

There is no dispute here that, for United States income tax purposes, petitioner, a Delaware corporation, is a domestic corporation within the meaning of § 921, since the Int. Rev. Code of 1954, § 7701(a)(4) provides:

---

[1] Section 922 provides:
"In the case of a Western Hemisphere trade corporation there shall be allowed as a deduction in computing taxable income an amount computed as follows—

"(1) First determine the taxable income of such corporation computed without regard to this section.

"(2) Then multiply the amount determined under paragraph (1) by the fraction—

"(A) the numerator of which is 14 percent, and

"(B) the denominator of which is that percentage which equals the sum of the normal tax rate and the surtax rate for the taxable year prescribed by section 11."

"The term 'domestic' when applied to a corporation or partnership means created or organized in the United States or under the law of the United States or of any State or Territory."

The critical question is whether petitioner is a domestic corporation within the meaning of § 921 for Virgin Islands tax purposes. This requires an understanding of the structure and etiology of the Virgin Islands tax law.

 When Congress enacted the Naval Appropriation Act of July 12, 1921,[2] it provided:

"* * * the income-tax laws now in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands."

The effect of this statute was to create a "mirror" system of taxation whereby the United States tax law was reflected by the Virgin Islands tax law. As noted in Dudley v. Commissioner, 3 V.I. § 685, 258 F.2d 182, 185 (C.A. 3, 1958), the statute set up two distinct taxing jurisdictions having as their basic law an identical statute applicable to each. Under this system, a United States corporation doing business in the Virgin Islands had to file two tax returns: one in the Virgin Islands which had jurisdiction to tax all income from sources within the Virgin Islands, and one in the United States which had jurisdiction to tax all income from any source, including the Virgin Islands. Double taxation from the same income was avoided by allowing the taxpayer, in reporting to one taxing jurisdiction, to take a foreign tax credit for any taxes paid to the other taxing jurisdiction. See Int. Rev. Code of 1939, § 131(a)(1); Int. Rev. Code of 1954, § 901(b)(1); I. T. 2946, XIV-2 Cum., Bull. 109 (1935); I. T. 3690, 1944 Cum. Bull. 164.

---

[2] 42 Stat. 123, 48 U.S.C. § 1397.

This dual system of taxation was perpetuated by the Virgin Islands Government, when in 1957, it enacted 33 V.I.C. § 1931(15), which provides:

" 'Virgin Islands income tax law' means so much of the United States Internal Revenue Code as was made applicable in the Virgin Islands by the Act of Congress entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes,' approved July 12, 1921 (48 U.S.C. § 1397)."

It is petitioner's contention that under the mirror system of taxation, a United States corporation, such as petitioner, is required to pay to the Virgin Islands only the same amount of tax on its Virgin Islands source income as would be due the United States on that same income. Thus, it is argued that since petitioner can claim the § 922 deduction on its United States income tax return, it should also be able to claim the same deduction on its Virgin Islands tax return. The court believes that this is an improper view of the dual taxing system. Cf. Jennings v. United States, 168 F.Supp. 781 (Ct. Cl. 1958).

As early as 1935, the Internal Revenue Service recognized in I. T. 2946, XIV-2 Cum. Bull. 109, that since the United States and the Virgin Islands are separate taxing jurisdictions,

"* * * it will, of course, be necessary in some sections of the law to substitute the words 'Virgin Islands' for the words 'United States,' in order to give the law proper effect in those islands * * *"

This substitution approach has been followed by the district court of Guam in tax problems arising in that jurisdiction. Wilson v. Kennedy, 123 F.Supp. 156, 159 (Guam 1954), aff'd 232 F.2d 153 (C.A. 9, 1956); Government of Guam v. Kaanehe, 124 F.Supp. 15, 17 (Guam 1954). The same approach will be followed in the instant case because the court believes that under the mirror system of taxation, if the § 922 special deduction is available to corporations

filing Virgin Islands income tax returns, it is only available to Virgin Islands "domestic" corporations within the meaning of 33 V.I.C. § 1931(2), which provides:

" 'domestic' when applied to a corporation or partnership means created or organized in the Virgin Islands."

Petitioner was incorporated in Delaware, not the Virgin Islands; it is a United States domestic corporation under the Internal Revenue Code of 1954, § 1701(a)(4), and a foreign corporation for Virgin Islands income tax purposes under 33 V.I.C. § 1931(5).[3] The court does not think it unusual that the Virgin Islands should consider a United States corporation as foreign when the Internal Revenue Service has held that for United States income tax purposes

"a corporation formed under the laws of the Virgin Islands does not meet the definition of a domestic corporation as that term is defined in section 7701(a)(4) of the Code, since such a corporation is not a corporation organized in the United States or under the law of the United States or of any State or Territory."[4]

The mirror system and basic fairness dictate that if the United States can treat Virgin Islands corporations as foreign, the Virgin Islands should be able to reverse the equation.

▬▬ Furthermore, as observed by Judge Maris in Dudley v. Commissioner, supra at 185, the Congressional purpose in setting up a territorial income tax payable directly to the Virgin Islands, was "to assist the Islands in becoming self-supporting." This Congressional concern for the financial well-being of the Islands was again manifested by Congress in 1954 when it enacted the Revised Organic Act of the Virgin Islands, § 28a. 48 U.S.C. §

---

[3] 33 V.I.C. § 1931(5) provides:
 " 'foreign' when applied to a corporation or partnership means a corporation or partnership which is not domestic."

[4] Letter of former Commissioner of the Internal Revenue Service, Mortimer M. Caplin, responding to a letter dated July 17, 1963, from the Honorable Ralph M. Paiewonsky, Governor of the United States Virgin Islands.

1942.[5] This statute had the effect of requiring permanent residents to pay tax to the Virgin Islands on all their income regardless of source. Thus, all taxes which had been previously paid by permanent residents to the United States on United States source income were made payable to the Virgin Islands treasury.

In light of Congress' benevolent intent with regard to the collection of revenue by the Virgin Islands and in accordance with the mirror system of taxation, the court holds that petitioner is not entitled to the special deduction under § 922 when filing its Virgin Islands income tax return. Judgment on the pleadings will be granted in favor of respondent.

</div>

---

[5] "The proceeds of customs duties, the proceeds of the United States income tax, the proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands, and the proceeds of all quarantine, passport, immigration, and naturalization fees collected in the Virgin. Islands, less the cost of collecting all of said duties, taxes, and fees, shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide: Provided, That the term 'inhabitants of the Virgin Islands' as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands. * * * " 48 U.S.C. § 1642.