**U.S. VIRGIN ISLANDS and MARTIN J. BRODERICK, Special Agent, Department of Finance, Petitioners**

v.

**BANK OF AMERICA, Respondent**

v.

**JAMES HUBBARD and DEANNE HUBBARD, Intervenors**

Civil No. 80-282

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 29, 1980

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, ALAN E. COBB, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for petitioners*

FREDERICK D. ROSENBERG, ESQ., St. Thomas, V.I., *for respondent*

ADRIENNE C. PALMER, ESQ., St. Thomas, V.I., *for intervenors*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court at this time is the motion of James and Deanne Hubbard for leave to intervene in these proceedings to enforce a Department of Finance summons served on the Bank of America, respondent. The bank having failed to honor the subpoena, this Court by Order dated August 5, 1980, ordered the bank to appear before it on August 8th to show cause, if any, why the said bank should not comply with and obey the summons.

At the hearing on August 8th the supoena was substantially refined in that the Government limited the number and types of documents it sought. The principal question addressed at the hearing turned out to be whether or not the motion to intervene should be granted.

Having considered the arguments addressed to the Court orally as well as subsequent written submissions, the Court concludes that the motion to intervene should be granted.

In contending that the Hubbards have no right to intervene, the petitioners argue the § 7609 of Title 26 of the United States Code has no application to the Virgin Islands. Contrariwise, the would-be intervenors take the position that on any fair reading of the Naval Appropriations Act of 1921 (48 U.S.C. § 1397), § 7609 necessarily applies.

The Naval Appropriations Act of 1921 reads

> The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the Treasuries of the said islands.

Petitioners would read in an exception not apparent on the face of the Naval Appropriations Act, arguing that the provisions of Subtitle F of the Internal Revenue Code does not apply to the Virgin Islands. Further, argue petitioners, the Legislature of the Virgin Islands has not enacted § 7609 as a part of Title 33 of the Virgin Islands Code and that by reason of the failure of the Legislature of the Virgin Islands so to do, these would-be intervenors can derive no

595

benefit from the provisions of that section. This argument seems to the Court to be flawed in many respects, only two of which will be mentioned.

 Firstly, the position of the Government assumes that authority rests in the Legislature of the Virgin Islands to determine what sections of the United States Internal Revenue Code, as it applies to income taxes, will be adopted by it and what sections will not. The Naval Appropriations Act gave the Virgin Islands Legislature no such leeway and this Court is not empowered to expand or constrict the provisions of that Act. Moreover, certain sections of the Virgin Islands Title 33, in effect "track" corresponding sections of Title 26. For example, Virgin Islands § 1861 of Title 33 is the counterpart of 26 U.S.C. § 7601. Also, § 1862 of the Virgin Islands Tax Code corresponds to § 7602 of the United States Tax Code and these are the sections that empower the respective Governments to issue a summons such as that sought to be enforced herein. It seems to the Court, therefore, that when the Federal Government modified and limited § 7602, by the enactment of § 7609, § 1862 of the Virgin Islands Tax Code was similarly modified and limited. This is a necessary consequence of the plain meaning of the Naval Appropriations Act when it referred to tax laws ". . . which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands . . . ."

Secondly, § 7609 concerns itself with "any summons described in Subsection (c)". That subsection states,

> . . . a summons is described in this subsection if it is issued under paragraph (2) of § 7602 . . . .

It is an indisputable fact that the summons which the petitioners would have the Court enforce in these proceedings was issued under 33 V.I.C. § 1862(2) which as we have said before corresponds directly to 26 U.S.C. § 7602(2). It would be unreasonable for this Court to conclude that the Congress sought to protect the rights of the United States taxpayer by enacting § 7609, while intending that his Virgin Islands counterpart should not similarly benefit. The instances in which the inhabitants of the Virgin Islands are relegated to a sort of second class citizenship are already too numerous. This Court sees no compelling legal principle or authority for adding to this disfavored status.

 Intervenors have moved the Court for attorney's fees. That motion will be denied. Title 5 V.I. Code § 541 authorizes the Court,

in its discretion, to ". . . allow attorney's fees to the prevailing party in the judgment . . .". This does not mean that fees should be awarded simply because an intervenor overcame opposition in his quest for being allowed intervention. The motion is inappropriate.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of James Hubbard and Deanne Hubbard, intervenors in this proceeding be, and the same is hereby, GRANTED;

FURTHER ORDERED that the motion of intervenor for attorney's fees be, and the same is hereby, DENIED.