**RUPERT BRENT and ADA MARIE JOHNSON, Petitioners**

v.

**LEROY QUINN, COMMISSIONER OF FINANCE,**
Respondent

Civil No. 82/233

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 3, 1984

CAREY R. D'AVINO, ESQ., St. Thomas, V.I., *for petitioners*

SUZANNE A. HUTTON, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court is the motion of petitioners for partial summary judgment. As there are no material facts in dispute the case is ripe for disposition as requested.

The petitioners seek a redetermination of an income tax deficiency asserted by the Commissioner of Finance for the tax year 1978. Petitioners, residents of the Virgin Islands during calendar year 1978, filed a return of their worldwide income for the said period with the Virgin Islands Government. In their Virgin Islands return, petitioners claimed a "foreign tax credit", pursuant to Internal Revenue Code Sections 33 and 901(a), 26 U.S.C. §§ 33, 901(a), for income taxes paid in fulfillment of their 1978 obligation to the state of California. The Commissioner disallowed the credit and in recomputing the petitioners' income tax liability listed the amount paid to the state of California as an itemized deduction.

Petitioners argue that the "mirror theory" of taxation as it exists in the Virgin Islands requires that they be allowed a section 901(a) foreign tax credit for income taxes paid to a state of the United States.

The Internal Revenue Code of the United States was made applicable in the Virgin Islands by the Naval Service Appropriation Act of 1922, 48 U.S.C. § 1397:

> The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands.

This statute in effect created a separate territorial income tax to be collected by the Government of the Virgin Islands, applying the

provisions of the United States income tax laws mutatis mutandis under what has become known as the "mirror theory." Vitco, Inc. v. Government of the Virgin Islands, 560 F.2d 180, 181-2, 14 V.I. 67, 70 (3d Cir. 1977). As stated in Revenue Ruling 73-315, 1973-2 C.B. 225,

> [T] he United States and Virgin Islands are separate and distinct taxing jurisdictions although their income tax laws arise from an identical statute applicable to each.
>
> In construing the Internal Revenue Code of 1954, as in effect in the Virgin Islands, in addition to other modifications *when necessary and appropriate*, it will be necessary *in some sections* of the law to substitute the words "Virgin Islands" for the words "United States" in order to give the law proper effect in those islands. (Emphasis added.)

Decisions on when such modifications or substitutions are "necessary and appropriate" have not been uniform. For instance, in Chicago Bridge and Iron Company v. Wheatley, 430 F.2d 973, 7 V.I. 555 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971), the court of appeals refused to allow strict application of the mirror theory, proposed by the Commissioner of Finance, to former section 922 of the Internal Revenue Code, which provided a special deduction for "Western Hemisphere trade corporations." Such a corporation was defined in the code as "a domestic corporation all of whose business . . . is done in any country or countries in North, Central, or South America, or in the West Indies, and which satisfies the following conditions. . . ." 26 U.S.C. § 921 (now repealed). "Domestic corporation" was so defined in the code as not to include Virgin Islands corporations, which were therefore considered "foreign". Chicago Bridge and Iron, 430 F.2d at 974, 7 V.I. at 559. In filing its Virgin Islands income tax return a Delaware corporation attempted to take advantage of the section 922 deduction. It was undisputed that the taxpayer would have been entitled to the deduction on its United States income tax return, but the Virgin Islands Commissioner of Finance took a strict mirroring approach, denying the deduction by holding that, as to the Virgin Islands taxing authority, the taxpayer was not a "domestic" corporation, since it was incorporated in the United States. The district court reached the same conclusion, but on a different rationale. The court of appeals reversed as to both interpretations, disapproving the strict mirror theory approach used by the Commissioner on the basis that "the substitutions urged by the Virgin Islands government would substantially alter and distort the Western Hemisphere trade corporation deduction." Chicago Bridge and Iron, 430 F.2d at 977, 7 V.I. at 564.

On the other hand, in Great Cruz Bay, Inc., St. John, Virgin Islands v. Wheatley, 495 F.2d 301, 11 V.I. 189 (3rd Cir. 1974), our circuit court of appeals applied a strict mirror theory approach, and, in effect, allowed substitution of terms in the definition of the phrase "nonresident alien individual" as set forth in section 1.871-2 of the Income Tax Regulations and as used in subchapter S of the Code (26 U.S.C. § 1371 et seq.).

Then too, in Vitco, supra, 560 F.2d 180, 14 V.I. 67, the court found it necessary to "mirror" section 1442 of the Code as well as a Treasury Regulation promulgated pursuant to that section.

While the interpretation of the Internal Revenue Code as applied in the Virgin Islands sometimes requires substitution of terms (mirroring) and sometimes does not, certain guiding principles do exist. These principles were first enunciated in Chicago Bridge and Iron, supra. There, in declining to apply a mirroring approach, the court looked to the underlying intent and purposes of making the Internal Revenue Code applicable to the Virgin Islands. The court noted that the Internal Revenue Code was enacted, as the income tax law of Guam, by the terms of Guam's Organic Act, "in language identical in all relevant respects to the statute that had established what has come to be called the 'mirror system' of taxation in the Virgin Islands." 430 F.2d at 975, 7 V.I. at 561. The court then went on to say:

> The equivalent mirror system of taxation in Guam has been the subject of congressional and judicial interpretations that indicate the extent to which the Internal Revenue Code should be modified in its application as a separate territorial income tax. The decisions construing the original Guamanian tax statute agreed that "[t] he tax to be paid ordinarily is measured by the amount of income tax the taxpayer would be required to pay to the United States of America if the taxpayer were residing in the continental United States," and that the literal terms of Internal Revenue Code should be modified only by "those non-substantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved."

430 F.2d at 975-6, 7 V.I. at 561-2 (citations omitted), quoting Wilson v. Kennedy, 123 F.Supp. 156, 160 (D. Guam 1954), affirmed, 232 F.2d 153 (9th Cir. 1956). It has also been held that the purpose of the statute adopting the Code as Guam's income tax law "was to give Guam a separate, integral tax system, which would duplicate the

United States' tax system in all *substantive particulars."* Sayre & Co. v. Riddell, 359 F.2d 407, 410 (9th Cir. 1968) (emphasis added).

■ As the court of appeals recognized in Chicago Bridge and Iron, the Internal Revenue Service has ruled that the same principles of substitution are applicable to the revenue laws of both Guam and the Virgin Islands. 430 F.2d at 976, 7 V.I. at 562, citing I.T. 4046, 1951–1 Cum. Bull 57. Accordingly, in deciding whether a particular substitution is called for in construing any given section of the Internal Revenue Code as applied in the Virgin Islands, we should be guided by the above concepts as adopted by the circuit court in Chicago Bridge and Iron.

Section 33 of the Internal Revenue Code, in conjunction with section 901, allows a taxpayer in the United States to treat income taxes paid to the Virgin Islands government as a credit against his United States tax liability. 26 U.S.C. §§ 33, 901.

In essence, petitioners here argue for a substitution or mirroring of terms of these sections so that income taxes paid by Virgin Islands residents to a state of the United States shall be allowed as a credit against their Virgin Islands tax liability. Petitioners recognize, of course, that a taxpayer in the continental United States would be allowed only a deduction (not a credit) for income taxes paid to one of the fifty states [pursuant to 26 U.S.C. § 164(a)(3)], but argue that, as mirrored, these provisions mandate that they be allowed a section 901 credit for income taxes paid to the State of California.

■ We are of the opinion that the mirroring suggested by petitioners would violate the equality principles enunciated in Chicago Bridge and Iron and, as in that case, that the substitutions urged by petitioner would substantially alter and distort the foreign tax credit. See 430 F.2d at 977, 7 V.I. at 564. The interpretation urged by petitioners would also violate the principle, cited with approval in Chicago Bridge and Iron as well as in Vitco, that the tax to be paid ordinarily is measured by the amount of income tax the taxpayer would be required to pay to the United States of America if the taxpayer were residing in the continental United States. 430 F.2d at 975–976, 7 V.I. at 562; 560 F.2d at 185, 14 V.I. at 77–78.

■ Congress has provided that inhabitants of the Virgin Islands must file a return with and pay taxes to the Virgin Islands on income derived from both within and outside the Virgin Islands. Revised Organic Act of the Virgin Islands § 28(a), 48 U.S.C. § 1642

(Supp. 1983). However, United States citizens not residing permanently in the Virgin Islands, but deriving some income in the Virgin Islands, must file two tax returns, one reporting and paying taxes to the Virgin Islands on Virgin Islands income, and the other reporting and paying taxes to the United States on income *from all sources.* Great Cruz Bay, supra, 495 F.2d at 303, 11 V.I. at 193. Hence United States citizens not residing in the Virgin Islands but with Virgin Islands income would face the possibility of double taxation. To avoid that result, Congress granted a section 901 tax credit for taxes paid to the Virgin Islands for those persons with the dual tax obligation. Virgin Islands residents, however, do not face the possibility of double taxation since they pay no income tax to the United States and, therefore, have no need of the credit. Petitioners, having been taxed by a state of the United States, contend that they are entitled to a foreign tax credit for taxes paid to that state. But such a result would not only distort the purpose of the credit, it would result in petitioners being able to claim a credit where no such credit would be available to a taxpayer residing in the United States. This is precisely the type of result to be discouraged under the equality principles enunciated in the cases construing the mirror tax theory; the literal terms of the Internal Revenue Code should be modified (mirrored) only to the extent of such nonsubstantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved.

 It must have been with the recognition that such a distortion might be attempted that the Treasury Department promulgated Regulation 1.901-1(g)(5), 26 C.F.R. 1.901-1(g)(5) which reads:

(g) *Taxpayers to whom credit not allowed.*
Among those to whom the credit for taxes [under § 901] is not allowed are the following:
. . .
(5) A citizen of a possession of the United States (except Puerto Rico) who is not otherwise a citizen of the United States and who is not a resident of the United States *and persons who are inhabitants of the Virgin Islands.*

(Emphasis added.) Petitioners admit that they "resided in St. Thomas in 1978 and paid tax on their worldwide income to the Government of the Virgin Islands for calendar year 1978." Complaint, paragraph 5a. The phrase "inhabitants of the Virgin Islands," as used in 26 C.F.R. 1.901-1(g)(5), must be deemed to be the same as residents of the Virgin Islands. See 48 U.S.C. § 1642

(Supp. 1983). Thus, not only mirror theory policy, but federal regulation as well, serve to bar petitioners' claim for a section 901 tax credit for income taxes paid to the State of California. The motion for summary judgment will be denied.

## ORDER

The premises considered, and the Court being fully advised,

IT IS ORDERED that the motion of petitioners for partial summary judgment be, and the same is hereby, DENIED.