**THE CHASE MANHATTAN BANK, N.A., Plaintiff,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS OF THE UNITED STATES and Virgin Islands Bureau of Internal Revenue, Defendants.**

No. 2000–234.

District Court,
Virgin Islands,
St. Thomas Division.

Nov. 7, 2001.

Bennett Chan, Esq., St. Thomas, for the plaintiff.

Lawrence M. Hill, Esq., Michael I. Saltzman, Esq., New York, NY. for the plaintiff.

Richard M. Prendergast, Esq., St. Croix, for the defendant.

Carol Jacobs, Esq., St. Thomas, for the defendant.

## MEMORANDUM

MOORE, District Judge.

Plaintiff Chase Manhattan Bank ("Chase" or "plaintiff") moves for summary judgment. Defendant Virgin Islands Bureau of Internal Revenue ("VIBIR" or "defendant") opposes plaintiff's motion and moves for summary judgment on its cross-motion. For the reasons set forth below, this Court will grant plaintiff's motion for summary judgment and deny defendant's cross-motion for summary judgment.

## I. BACKGROUND

Between 1990 and 1992, Chase timely filed its respective 1989, 1990, and 1991 income tax returns with the VIBIR and paid taxes reported and due on each return. Thereafter, Chase timely filed amended returns and reported overpayments on each of these returns in the amount of $658,080, $1,927,716, and $556,242, respectively. Chase claimed refunds for each of these amounts.

In May, 1994, Chase and the VIBIR agreed that Chase had overpaid its 1989,

1990, and 1991 income tax and was entitled to a refund totaling $3,869,888 for the overpayment plus accrued interest. The VIBIR agreed to allow a $2,000,000 credit against Chase's income taxes for each of tax years 1994 and 1995, with any residual amount due for each year either credited to future income tax liabilities or remitted to the bank at Chase's option. Chase and the VIBIR further agreed that interest on the overpayments would continue to accrue at the appropriate statutory rate until the balance either had been fully credited or paid out to Chase.

On July 31, 1995, Chase filed its income tax return for 1994, reporting a tax liability of $517,556. Pursuant to the agreement, Chase applied its $2,000,000 credit, which left an overpayment balance due of $1,482,444, which Chase elected to have remitted to it. The VIBIR issued Chase a refund of $1,784,621.05 (the overpayment balance plus $302,177.05 in interest calculated from the 1994 tax return filing date).

In September of 1996 and 1997, Chase filed its income tax returns for 1995 and 1996, respectively. On its 1995 return, Chase reported a tax liability of $146,740. Applying the $2,000,000 credit left an overpayment balance due Chase of $1,853,260. Chase elected to apply this balance as a credit on its 1996 return. On its 1996 return, Chase reported a tax liability of $647,191. After applying its remaining overpayment balance of $1,853,260, the VIBIR owed Chase a balance of $1,206,069. On its 1997 return, Chase filed a refund claim for this amount. The VIBIR issued Chase a refund of $1,413,628 .78 (overpayment balance plus $207,613.78 in interest calculated from the 1997 filing date) on August 1, 2000.

Chase has sued to collect additional interest on the overpayments, asserting that the VIBIR used the wrong standard to calculate the interest owed. Chase claims that the VIBIR is required to use the Virgin Islands rate of twelve percent on overpayments set forth in section 1251(a) of title 33 of the Virgin Islands Code, rather than the federal overpayment interest rate [1] the VIBIR has applied.[2] This Court has jurisdiction pursuant to section 22(a) of the Revised Organic Act of 1954 ["Revised Organic Act"] [3] and 28 U.S.C. § 1331.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue respecting any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Sharpe v.*

---

1. Section 6621 of the Internal Revenue Code calculates interest on overpayments for corporations as the sum of the Federal short-term rate plus 2 percentage points. *See* 26 U.S.C. § 6621(a)(1).

2. Chase also argued that the VIBIR had failed to calculate the overpayment interest from the correct date of accrual—the date of the agreement. (Mem. of Law. in Support of Pl.'s Mot. for Summ. J. at 11.) The VIBIR has conceded that the correct accrual date was March 31, 1994. (Reply Mem. of Law in Supp. of Defs.' Cross–Mot. for Summ. J. at 3.)

3. *See* 48 U.S.C. § 1612(a) ("The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands ...."). The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2000), reprinted in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp.2001) (preceding V.I. CODE ANN. tit. 1) ["Revised Organic Act"].

*West Indian Co.*, 118 F.Supp.2d 646, 648 (D.Vi.2000). The nonmoving party may not rest on mere allegations or denials, but must establish by specific facts that there is a genuine issue for trial from which a reasonable juror could find for the non-movant. *See Saldana v. Kmart Corp.*, 42 V.I. 358, 360–61, 84 F.Supp.2d 629, 631–32 (D.V.I.1999), *aff'd in part and rev'd in part*, 260 F.3d 228 (3d Cir.2001). Only evidence admissible at trial shall be considered and the Court must draw all reasonable inferences therefrom in favor of the nonmovant. *See id.*

**B. Virgin Islands Income Tax Law and the Mirror Theory**

■ Section 28(a) of the Revised Organic Act provides that an inhabitant of the Virgin Islands may satisfy its income tax obligations to United States and Virgin Islands by paying those income taxes to the VIBIR. *See* 48 U.S.C. § 1642 ("The ... proceeds of any taxes levied by the Congress on the inhabitants of the Virgin Islands, ... shall be covered into the treasury of the Virgin Islands ....").[4] When the Virgin Islands Code was prepared and enacted into positive law on May 16, 1957, as authorized by section 8(c) of the Revised Organic Act,[5] it incorporated this provision as the basis of the Virgin Islands income tax law. *See* 33 V.I.C. § 1931(15) (" 'Virgin Islands income tax law' means so much of the United States Internal Revenue Code as was made applicable in the Virgin Islands by the Act of Congress entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes,' approved July 12, 1921 (48 U.S.C. § 1397).")." Accordingly, the substantive provisions of federal income tax law are incorporated *mutatis mutandis* into Virgin Islands tax law. This system has become known as the "mirror theory." *See Brent v. Quinn*, 21 V.I. 73, 74–75, 589 F.Supp. 810, 811 (D.V.I.1984).

■ Under the mirror theory, any changes to, interpretations of, regulations and revenue rulings on, and court interpretations of the *substantive tax provisions* of the Internal Revenue Code are applicable to Virgin Islands tax cases as long as the particular provision at issue is "not 'manifestly inapplicable or incompatible' with a separate territorial income tax ...." *See Chicago Bridge & Iron Co. v. Wheatley*, 7 V.I. 555, 562, 430 F.2d 973, 976 (3d Cir.1970). For a more in-depth look at the mirror theory, see *Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank*, Civ. No.1993–093, 2001 WL 1223350 at *5–6 (D.V.I. July 30, 2001).

**C. Interest on Overpayments**

For Virgin Islands taxpayers, "[i]nterest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the rate of 12 percent per annum," *see* 33 V.I.C. § 1251(a), and an "internal revenue tax" includes "any tax imposed by ... and the Virgin Islands income tax law," *see* 33 V.I.C. § 1931(7). In its motion for summary judgment, Chase advances two reasons the twelve percent interest

---

4. The Revised Organic Act of 1954 thus incorporated the essence of the Naval Service Appropriation Act of 1922:

The income tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands.

48 U.S.C. § 1397.

5. *See* 48 U.S.C. § 1574 ("[T]he legislature shall have power ... to enact new laws not inconsistent with any law of the United States applicable to the Virgin Islands ....").

rate mandated by section 1251 applies to these refunds. Only one reason, however, bears analysis—that interest on overpayments is merely an administrative function and thus need not mirror federal tax law.[6] Contrariwise, the VIBIR argues that interest on overpayments of tax is a substantive tax liability and therefore the interest rate must mirror the federal provisions on overpayments, 26 U.S.C. §§ 6611 and 6621. In support of its argument, the VIBIR relies on three provisions of the Internal Revenue Code ("I.R.C."), sections 6601, 6665 and 6671, and this Court's 1980 decision in *Government of the Virgin Islands v. Bank of America*, 17 V.I. 594 (D.V.I.1980).[7] As the following analysis will show, the VIBIR's reliance on these arguments is without merit.

### 1. Sections 6601, 6665 and 6671 of the I.R.C.

■ Sections 6601, 6665 and 6671 of the United States Internal Revenue Code deal with the application of interest on underpayments, additions, and penalties, respectively. Section 6601(e)(1) provides:

**Interest treated as tax**—Interest prescribed under this section on any tax shall be paid on notice and demand, and shall be *assessed,* collected, and paid in the same manner as taxes. Any references in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

26 U.S.C. § 6601(e)(1) (emphasis added). Likewise, section 6665(a) provides

**Additions treated as tax.** Except as other wise provided in this title -

(1) the additions to the tax, additional amounts, and penalties provided by this chapter shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes; and

(2) any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by this chapter.

26 U.S.C. § 6665(a). Finally, section 6671(a) provides:

---

6. Chase also argues that the parties agreed to use the statutorily-approved interest rate of 12%. The effectiveness of this argument, however, relies on the validity of Chase's first reason—that overpayment interest rates are administrative provisions. On the one hand, if § 1251 is an administrative provision, then the government of the Virgin Islands Legislature was authorized to set an interest rate different from federal tax rate. On the other hand, if § 1251 is a substantive tax provision, then Virgin Islands tax law must mirror the federal interest rate and the parties could not have agreed to a statutory interest rate that violates federal law.

7. The VIBIR also argues that Virgin Islands legislative history supports its contention that the Legislature sought to mirror federal interest rates. In particular, the VIBIR focuses on the statement of Virgin Islands Senator Earl B. Ottley. In describing an amendment to provide for the 12% interest rate in question,

Senator Ottley stated: "This is the bill to increase the interest rate on payments when taxes are due, when the tax payment is late, or when the Government owes the taxpayer interest, and we got a letter from the Commissioner of Finance saying the [rate ought] to be increased. The original bill only gives the interest to the Government, and we amended to also give the interest rate to the taxpayer ...." 13th Leg., Reg. Sess. (V.I.1980) (statement of Senator Ottley). Chase relies on the same legislative history to argue that the Virgin Islands Legislature made a concerted effort not to mirror federal tax law. (Pl.'s Reply Br. in Support of Mot. for Summ. J. and Mem. of Law in Opp. to Defs.' Cross–Mot. for Summ. J. at 17–19.) Given the clarity of the statutory provisions and ambiguity of this passage, I will ignore the legislative history and focus instead on the VIBIR's other arguments.

**Penalty assessed as tax.** The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C. § 6671(a). The VIBIR's reliance on these sections, however, is misplaced as none of them have any bearing on the matter at hand.

■ The issue this Court must decide is whether interest on overpayments is a substantive tax provision. Although these sections may aid in determining whether interest on underpayments, additions or penalties are substantive tax provisions, they are of no help in determining whether obligations of the VIBIR to the overpaying taxpayer are substantive taxes.[8] Accordingly, this Court must instead look to the sections of the federal Internal Revenue Code that deal with interest on overpayments, namely sections 6611 and 6621. A review of these sections reveals that the language the VIBIR so fervently relies on from sections 6601, 6665, and 6671 is conspicuously absent. Section 6611 merely provides in part that "[i]nterest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621." 26 U.S.C. § 6611(a). Likewise, section 6621 only states in part that the overpayment interest rate for corporations is the federal short-term rate plus a percentage. See 26 U.S.C. § 6621(a)(1). Neither of these sections requires that interest on overpayments be treated as a substantive tax.

This absence of similar language makes perfect sense because overpayments can bear no tax liability, whereas additions, underpayments, and penalties, are taxes by definition. Since there is nothing taxable about overpayments, they impose no substantive tax liability and sections 6611 and 6621 of the federal income tax law are merely administrative provisions to aid the government in calculating the amount of interest it owes the overpaying taxpayer. Accordingly, I find that the Virgin Islands Legislature properly fixed interest on overpayments of income taxes by a Virgin Islands taxpayer at twelve percent as compensation for the loss of use of that overpayment. See United States v. Childs, 266 U.S. 304, 45 S.Ct. 110, 69 L.Ed. 299 (1924).

■ As this Court previously ruled in Virgin Islands Bureau of Internal Revenue v. Chase Manhattan Bank, Civ. No.1993–093, 2001 WL 1223350 (D.V.I. July 30, 2001), the Virgin Islands must

---

**8.** I note that the Virgin Islands Code has its own provisions for the treatment of interest on underpayments, additions, and penalties. Per these provisions, interest on underpayments, additions, and penalties, like their federal counterparts, are treated as taxes for the purposes of assessment and collection. See 33 V.I.C. § 1231(e)(1) (treating interest on underpayments as tax); 33 V.I.C. § 1287(a)(1) (treating additions as tax); 33 V.I.C. § 1311(a) (treating penalties as tax). The local interest rate on underpayments, however, differs from its federal counterpart. Compare 33 V.I.C. § 1231(a) (mandating a 12% interest rate for underpayments) with 26 U.S.C. § 6621(a)(2), (c) (mandating that the interest rate on underpayments is the federal short-term rate plus 3 percentage points or 5 percentage points if the corporation's underpayment exceeds $100,000). The local and federal rates also differ for calculating interest on erroneous refunds the VIBIR may recover by lawsuit. Compare 33 V.I.C. § 1232 (mandating a 6% interest rate) with 26 U.S.C. § 6602 (using the interest rate calculation described in 26 U.S.C. § 6621). Whether the foregoing sections are substantive or procedural is not raised in this case. Accordingly, I need not determine if any of these local interest rates must mirror federal law.

mirror only substantive federal income tax law and has properly implemented its own administrative and procedural law for assessing and collecting Virgin Islands income tax. *See Chase*, 2001 WL 1223350 at *5–6. Thus, the Virgin Islands acted within its authority to enact 33 V.I.C. § 1251 mandating that the interest rate on overpayments is twelve percent.

### 2. Previous Decisions

In 1980, this Court rejected an argument by the Virgin Islands government that the administrative and procedural provisions contained in Subtitle F of the I.R.C. did not apply to the Virgin Islands.

> [T]he position of the Government assumes that authority rests in the Legislature of the Virgin Islands to determine what sections of the United States Internal Revenue Code, as it applies to income taxes, will be adopted by it and what sections will not. The Naval Appropriations Act gave the Virgin Islands Legislature no such leeway and this Court is not empowered to expand or constrict the provisions of that Act.

*Government of the Virgin Islands v. Bank of America*, 17 V.I. 594, 596 (D.V.I.1980). The VIBIR relies on this decision to assert that I erred when I held in *Chase* that the Virgin Islands properly adopted its own administrative and procedural income tax provisions at 33 V.I.C. §§ 701–1965. In

urging that I reconsider this ruling, the VIBIR contends that I should focus on "the unbroken line of Third Circuit decisions"[9] and *Bank of America* to find that all the provisions of Subtitle F of the I.R.C ., including sections 6611 and 6621, apply to the Virgin Islands. (Reply Mem. in Support of Defs.' Cross–Mot. for Summ. J. at 15–16.)

The simple fact is that my ruling in *Chase* is grounded in the very same "unbroken line of Third Circuit decisions" the VIBIR here urges me to misinterpret. *See Vitco, Inc. v. Government of Virgin Islands*, 560 F.2d 180, 185 (3d Cir.1977) (substantive equality of treatment between mainland taxpayer and Virgin Islands taxpayer is goal of mirror system); *Chicago Bridge & Iron Co. v. Wheatley*, 7 V.I. 555, 560–61 n. 2, 430 F.2d 973, 975 n. 2 (3d Cir.1970) ("*[S]ubstantive* provisions of the Internal Revenue Code were made applicable in the Virgin Islands by congressional enactment in the Naval Service Appropriation Act of 1922.") (emphasis added); *Dudley v. Commissioner of Internal Revenue*, 3 V.I. 685, 693, 258 F.2d 182, 187 (3d Cir.1958) ("Congress understood that the provisions of the internal revenue laws of the United States relating to tax administration and enforcement ... were without application to the Virgin Islands.").[10] If any case breaches the VIBIR's "unbroken line of Third Circuit decisions," it is *Gov-*

---

**9.** Among the cases the VIBIR relies on are: *Abramson Enterprises, Inc. v. Government of the Virgin Islands*, 994 F.2d 140 (3d Cir. 1993), *Johnson v. Quinn*, 821 F.2d 212 (3d Cir.1987), *Danbury, Inc. v. Olive*, 820 F.2d 618 (3d Cir.1987), *Miller v. Quinn*, 792 F.2d 392 (3d Cir.1986), *Vitco, Inc. v. Government of Virgin Islands*, 560 F.2d 180, 185 (3d Cir. 1977), *HMW Industries, Inc. v. Wheatley*, 504 F.2d 146 (3d Cir.1974), *Chicago Bridge & Iron Co. v. Wheatley*, 7 V.I. 555, 430 F.2d 973 (3d Cir.1970); *Dudley v. Commissioner of Internal Revenue*, 3 V.I. 685, 258 F.2d 182 (3d Cir. 1958).

**10.** Four of the cases the VIBIR relies on, *Johnson, Danbury, Miller,* and *HMW Industries*, dealt solely with substantive tax provisions, rules and liabilities and therefore did not differentiate between substantive and procedural tax provisions of the I.R.C. *See Johnson*, 821 F.2d at 213 (reduction in income tax caused by payment of tax to a state of the United States); *Danbury*, 820 F.2d at 622–23 (potential tax loophole for stateside corporations created by section 28(a) of the 1954 Revised Organic Act); *Miller*, 792 F.2d at 393 (deductibility of unsold lottery tickets as "ordinary and necessary" business expense); *HMW Indus.*, 504 F.2d at 148 (proper income

*ernment of the Virgin Islands v. Bank of America,* which has never been cited by any other court and is not binding on me in any event. Therefore, I will continue to follow the decisions of the Court of Appeals on the issue of the applicability of the administrative and procedural provisions of the I.R.C. to the Virgin Islands income tax laws. Accordingly, I will grant Chase's motion for summary judgment and deny the VIBIR's cross-motion for summary judgment.

### III. CONCLUSION

When a corporation overpays its income taxes in the Virgin Islands, the overpayment loses its character as a payment of taxes and ceases to bear substantive tax liability. Since a private citizen obviously cannot impose an income tax on the Virgin Islands Government, interest on that citizen's overpayment of income taxes also cannot be a substantive tax. The interest the Chase Manhattan Bank seeks to collect in this case is merely its compensation fixed by law for the loss of the use of its money. The rate at which interest on overpayments of income taxes accrues is a purely procedural matter that the Virgin Islands was free to set at a rate of twelve percent per year. *See* 33 V.I.C. § 1251. Accordingly, this Court will grant Chase's motion for summary judgment and will deny the VIBIR's cross-motion for summary judgment.

---

tax treatment of non-taxable subsidies granted by the Territory). Although the issue in *Abramson Enterprises* was the corporate surtax imposed pursuant to V.I.C. § 581, the Court of Appeals implicitly acknowledged Virgin Islands authority to make administrative changes to its tax laws. *See Abramson Enters.,* 994 F.2d at 144 ("[I]f the Territory wished to lower its effective rate of income taxation, it could do so simply by lowering the direct rates at which it taxes income."). Most importantly, these five cases recognized and upheld the Court of Appeals' decisions in *Vitco, Chicago Bridge* and *Dudley,* which did state that only the substantive provisions of the I.R.C. must be mirrored in the Virgin Islands income tax law.