**GREAT CRUZ BAY, INC., ST. JOHN, VIRGIN ISLANDS,**
**Appellee**

**v.**

**REUBEN B. WHEATLEY, COMMISSIONER OF FINANCE, GOVERNMENT OF THE VIRGIN ISLANDS, Appellant**

No. 73-1452

United States Court of Appeals

Third Circuit

Argued at Charlotte Amalie December 7, 1973

Filed March 28, 1974

STEFAN F. TUCKER, ESQ. (ARENT, FOX, KINTER, PLOTKIN & KAHN), Washington, D.C., *for appellant*

CLARENCE A. MCLAUGHLIN, ESQ. (BORNN, MCLAUGHLIN & FINUCAN), St. Thomas, V.I., *for appellee*

Before MARIS, GIBBONS and WEIS, *Circuit Judges*

### OPINION OF THE COURT

By MARIS, *Circuit Judge*

The question presented by this appeal is whether the taxpayer, Great Cruz Bay, Inc., a Virgin Islands corporation, is entitled to elect Virgin Islands income tax treatment as a small business corporation under subchapter S of the Internal Revenue Code, 26 U.S.C. §§ 1371 et seq. For the purposes of subchapter S, section 1371(a) of the Code defines a small business corporation to mean a

domestic corporation which does not, inter alia, "(3) have a nonresident alien as a shareholder". The answer turns on whether, under the income tax law as applied in the Virgin Islands, a United States citizen residing in the continental United States is to be deemed a "nonresident alien" within the meaning of the above quoted provision of section 1371(a)(3).

The taxpayer-corporation was organized under the laws of the Virgin Islands. It filed its election with the Tax Division of the Department of Finance of the Government of the Virgin Islands to be taxed for the fiscal years 1968, 1969 and 1970 as a small business corporation and it computed its Virgin Islands income tax liability accordingly. The Commissioner denied the taxpayer the status of a small business corporation because three of its shareholders were United States citizens not residing in the Virgin Islands and he determined a deficiency in tax on the ground that those stockholders were nonresident aliens for Virgin Islands income tax purposes within the meaning of section 1371(a)(3) of the Internal Revenue Code.

The taxpayer filed a petition in the District Court of the Virgin Islands for the redetermination of its income tax liability. The parties stipulated that the sole question was whether the three shareholders had been correctly classified by the Commissioner as nonresident aliens, thereby disqualifying the taxpayer as a small business corporation. The taxpayer moved for summary judgment on the pleadings which was granted by the district court. The court held that the term "nonresident alien" as used in section 1371(a)(3) of the Internal Revenue Code and defined in section 1.871-2 of the Income Tax Regulations,[1] should be read, in applying the income tax law to the Virgin

[1] "The term 'nonresident alien individual' means an individual whose residence is not within the United States, and who is not a citizen of the United States." Income Tax Regulations, § 1.871-2, 26 C.F.R.

Islands, to mean "an individual whose residence is not in the Virgin Islands and who is not a citizen of the United States". The court concluded that the Commissioner had erroneously redefined that term for Virgin Islands income tax purposes when he classified the three nonresident United States citizens as nonresident aliens of the Virgin Islands. The court stated that if the interpretation of the Commissioner were allowed to stand, the territory would be claiming a larger tax than the United States would have collected in the absence of the mirror system. Moreover, the court stated, it could not view as a non-substantive change in nomenclature the characterization of a United States citizen residing in any state or territory of the United States as a nonresident alien for this or any other taxing purposes. Accordingly, the determination of the Commissioner was reversed.

This appeal by the Commissioner followed. The Commissioner contends that his action in classifying as nonresident aliens the United States citizens residing in the United States was consistent with the separate territorial income tax structure provided by Congress for the Virgin Islands. The United States as amicus curiae supports the Commissioner's determination and urges that the decision of the district court is erroneous and should be reversed.

This court had occasion in Dudley v. Commissioner of Internal Revenue, 1958, 258 F.2d 182, and again in Chicago Bridge and Iron Company v. Wheatley, 1970, 430 F.2d 973, to discuss the Virgin Islands income tax structure as established by the Naval Appropriation Act of 1922, approved July 12, 1921, 42 Stat. 123, 48 U.S.C.A. § 1397.[2] The effect

---

2 "The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands." Naval Appropriation Act of 1922, approved July 12, 1921, 42 Stat. 123, 48 U.S.C.A. § 1397.

of this statute was to create a separate territorial income tax which was to be collected by the Government of the Virgin Islands, applying the provisions of the United States income tax laws mutatis mutandis under what has been called the "mirror" theory. By section 28(a) of the Revised Organic Act of 1954, the permanent residents of the Virgin Islands were required to pay their taxes on income from all sources, both within and outside the Virgin Islands, into the treasury of the Virgin Islands. 48 U.S.C.A. § 1642. United States citizens not residing permanently in the Virgin Islands were required to file two tax returns, one reporting and paying taxes to the Virgin Islands on Virgin Islands income and the other reporting and paying taxes to the United States on income from all sources, with a credit for taxes paid to the Virgin Islands.[3]

In Dudley v. Commissioner of Internal Revenue we said:

"The tax thus imposed by the Naval Appropriation Act was explained in Congress as providing for local imposition upon the inhabitants of the Virgin Islands of a territorial income tax, payable directly into the Virgin Islands treasury, to assist the Islands in becoming self-supporting. The enactment was recommended as following the precedent of earlier legislation applying to Puerto Rico and the Philippines. That purpose has been consistently implemented by both the federal and territorial taxing authorities, who have recognized that Congress created a local, locally collectible income tax and that the United States and the Virgin Islands are distinct taxing jurisdictions although their income tax laws arise from an identical statute applicable to each. Internal Revenue rulings, the first of which was issued over twenty years ago, have taken this view. I.T. 2946, XIV-2 C.B. 109 (1935); I.T. 3690, 1944 C.B. 164. The correctness of this official interpretation and practice appears never heretofore to have been questioned, and the income tax has been administered in the Virgin Islands in accordance with this construction for over a generation.

---

[3] Chicago Bridge and Iron Company v. Wheatley, 3 Cir. 1970, 430 F.2d 973, 974, fn. 1.

Such a settled administrative construction applied in a multitude of cases over an extended period is entitled to great weight." 258 F.2d at p. 185.

In Chicago Bridge and Iron Company v. Wheatley the issue presented was whether a Delaware corporation was entitled to use the Western Hemisphere Trade Corporation deduction to reduce its income tax liability to the Virgin Islands.[4] In that case we stated:

"Both the federal tax administrators and the Congress have recognized that implementation of the Internal Revenue Code as a separate taxing statute in the Virgin Islands requires some substitution of language. In a ruling published in 1935, the Bureau of Internal Revenue noted that in construing the taxing statute applicable in the Virgin Islands, 'it will, of course, be necessary in some sections of the law to substitute the words "Virgin Islands" for the words "United States," in order to give the law proper effect in those islands.' I.T. 2946, XIV-2 Cum. Bull. 109, 110 (1935)." 430 F.2d at p. 975.

An Office Decision by the Bureau of Internal Revenue of the United States Treasury Department published in 1935, I.T. 2946, XIV-2 C.B. 109, referred to in both the Dudley and Chicago Bridge cases, interpreted, under the Revenue Act of 1934, the status of a citizen of the United States in the Virgin Islands with respect to income taxation. So far as here pertinent, it was stated (at p. 110):

"In construing the Revenue Act of 1934, as in effect in the Virgin Islands, it will, of course, be necessary in some sections of the law to substitute the words 'Virgin Islands' for the words 'United States,' in order to give the law proper effect in those islands. From the viewpoint of the Virgin Islands citizens of the United States residing in the islands must be considered as resident aliens, and citizens of the United States not residing in the Virgin Islands must be treated as nonresident aliens."

---

[4] In passing we note that Congress, by section 307 of the Revenue Act of 1971, 85 Stat. 524, has repealed the Western Hemisphere Trade Corporation provisions of sections 921 and 922 of the Internal Revenue Code as these provisions apply to the Virgin Islands tax laws under the Naval Appropriation Act of 1922.

Although I.T. 2946 was in 1969 declared obsolete by Rev. Rul. 69-45, 1969-1 Cum. Bull, 313, its holding concerning the tax treatment of nonresident United States citizens with respect to Virgin Islands income tax was declared currently applicable and formally reinstated by Revenue Ruling 73-315, I.R.B. 1973-31, which we quote in full as follows:

"The obsolescence of I.T. 2946, XIV-2 C.B. 109 (1935), published in Rev. Rul. 69-45, 1969-1 C.B. 313, is withdrawn inasmuch as reconsideration has been given to the position set forth in I.T. 2946. Although portions of I.T. 2946 have become obsolete because of the revision in the applicable statutes, it has been determined that the portion of I.T. 2946 that is currently applicable should be updated and restated under the current statute and regulations.

"The question presented pertains to the taxable status of a citizen of the United States with respect to the application of the income tax laws of the Virgin Islands and the United States under the circumstances described below.

"The taxpayer, a citizen of the United States, derived income from sources within the Virgin Islands during the taxable year. The taxpayer was not a resident of the Virgin Islands.

"The Naval Appropriations Act (Public Law No. 35) approved July 12, 1921 (42 Stat. 122) codified as section 1397, Title 48 of the United States Code, provides as follows:

The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of the said islands. July 12, 1921, C. 44, § 1, 42 Stat. 123.

"Section 7701(a)(9) of the Internal Revenue Code of 1954 provides that the term 'United States' when used in a geographical sense includes only the States and the District of Columbia.

"Section 7701(a)(9) of the Code does not extend the territorial limits of the United States to include the Virgin Islands and there is nothing in the Naval Appropriations Act (48 U.S.C. 1397) that can be interpreted as including the Virgin Islands within the territorial limits of the United States for income tax purposes.

"Accordingly, the United States and Virgin Islands are separate and distinct taxing jurisdictions although their income tax laws arise from an identical statute applicable to each.

"In construing the Internal Revenue Code of 1954, as in effect in the Virgin Islands, in addition to other modifications when necessary and appropriate, it will be necessary in some sections of the law to substitute the words 'Virgin Islands' for the words 'United States' in order to give the law proper effect in those islands. From the viewpoint of the Virgin Islands, citizens of the United States residing in the Virgin Islands must be considered as resident aliens, and citizens of the United States not residing in the Virgin Islands must be treated as nonresident aliens. With respect to the tax status of citizens of the United States who are residents of the Virgin Islands, see Rev. Rul. 60-291, 1960-2 C.B. 407. With respect to the tax on nonresident alien individuals see section 871 of the Code.

"Accordingly, a citizen of the United States not residing in the Virgin Islands is a nonresident alien for Virgin Islands income tax purposes.

"The obsolescence of I.T. 2946 is withdrawn. I.T. 2946 is hereby superseded, since the applicable position therein is set forth under the current law in this Revenue Ruling." Rev. Rul. 73-315, I.R.B. 1973-31.

It will thus be seen that it has been the administrative construction for nearly 40 years that citizens of the United States not residing in the Virgin Islands must be treated, for Virgin Islands tax purposes, as nonresident aliens.

In the Chicago Bridge case this court noted that Congress had provided by section 31 of the Organic Act of Guam a separate territorial income tax system for Guam comparable to that provided by the Naval Appropriation Act of 1922 for the Virgin Islands. The Court of Appeals for the Ninth Circuit sitting in banc in Sayre & Company v. Riddell, 1968, 395 F.2d 407, had occasion to consider the operation of the Guam income tax system set up by section 31 of its Organic Act and reached the conclusion that it paralleled that of the Virgin Islands. The court stated its conclusions as follows: (pp. 412–413)

"The general conclusion that we draw from the available evidence, then, is that Congress intended that Guam should apply the Internal Revenue Code (with those deletions prescribed by

section 1421i(d)(1)) [of the Guam Organic Act] to persons and income within its territory just as the United States applies the Code to persons and income within *its* territory.

"The interpretative omissions and substitutions of language authorized by section 1421i(d)(1) and (e) are those which are necessary to effectuate this intention. We may not adopt a construction inconsistent with it, as we did in Atkins-Kroll, simply because we consider the result more equitable. Deviations from the intended dual structure by substantive revision of the basic scheme of the Code as applied to Gaum must be left to Congress."

■ In the light of the judicial decisions and long continued administrative construction to which we have referred it may be regarded as settled that in the application of the Internal Revenue Code to the Virgin Islands as the separate income tax law of the Islands a citizen of the United States who does not reside in the Virgin Islands is to be treated as a nonresident alien individual. This is surely so unless some compelling reason exists for treating him otherwise with respect to a particular provision of the Act. The plaintiff urges, and the district court held, that such a special situation is presented by subchapter S of the Internal Revenue Code under which the present controversy arises and to the consideration of that subchapter we now turn.

Subchapter S was added to the Internal Revenue Code of 1954 by the Technical Amendments Act of 1958, Pub. L. 85–866, September 2, 1958, 72 Stat. 1650. Its purpose was to permit "small business corporations" as defined by section 1371(a)[5] to elect not to pay a corporate tax but instead

---

[5] "(a) Small business corporation.—For purposes of this subchapter, the term 'small business corporation' means a domestic corporation which is not a member of an affiliated group (as defined in section 1504) and which does not—
   "(1) have more than 10 shareholders;
   "(2) have as a shareholder a person (other than an estate) who is not an individual;
   "(3) have a nonresident alien as a shareholder; and
   "(4) have more than one class of stock.
   . . . " 26 U.S.C. § 1371(a).

to permit the corporate profits or losses to be reported by the stockholders in their individual returns.[6] It is quite clear from clause (3) of section 1371(a) of the Code that Congress did not intend these benefits to extend to corporations with nonresident alien shareholders. It obviously was those small businesses which are operated by residents of the United States taxing jurisdiction, i.e., the States and the District of Columbia, with which it was concerned. Citizens of a possession of the United States, such as the Virgin Islands, who are not otherwise citizens or residents of the United States are to be treated for federal income tax purposes as nonresident alien individuals by the express terms of section 932 of the Code as amended.[7]

---

[6] In Fulk v. Needham, Inc. v. United States, 4 Cir. 1969, 411 F.2d 1403, 1406, the court said:

"It is clear that in enacting subchapter S '[t]he intention of Congress was to permit small businesses to select the form of organization desired, without the necessity of taking into account major differences in tax consequences.' A. & N Furniture & Appliance Co. v. United States, 271 F.Supp. 40, 42 (S.D. Ohio 1967). Under this legislation, as above noted, the income of the corporation is not taxed to the corporation, but is treated as income to the shareholders. This benefit, however, was not granted without limitation. Congress explicitly set out a number of prerequisites to qualification, and these are contained in § 1371(a)."

[7] The legal nature of citizenship in a possession, such as the Virgin Islands, referred to in section 932 of the Code, is far from clear. The attributes of such citizenship as distinguished from United States citizenship are not articulated. We note, however, that under 8 U.S.C. § 1406, in addition to those native Virgin Islanders who were declared by statute on February 25, 1927 to be citizens of the United States, all persons born in the Virgin Islands on or after that date are citizens of the United States at birth. Presumably these persons are also citizens of the Virgin Islands so long as they permanently reside there. We see no basis for thinking that other citizens of the United States who come to make their permanent residence in the Virgin Islands do not thereby also become citizens of the Virgin Islands. Certainly they acquire thereby all the civic rights of local citizens, including the right to vote in territorial elections, as well as all their civic duties, including the duty of jury service and compliance with the local laws. When, however, a Virgin Islands citizen, whether the individual acquired that citizenship by statute, by birth in the territory, by naturalization in the territory or by later residence therein, permanently removes his residence to a state, the District of Columbia, or another territory, it would appear that the Virgin Islands citizenship would terminate because of the automatic acquisition of citizenship in the state, district or territory to which the individual has removed. For under the Fourteenth Amendment to the Constitution a citizen of the United States must reside within a state in order to become a citizen of it and upon acquiring such residence citizenship in the state follows automatically. By the same token acquisition of citizenship in another state or territory by acquiring a permanent residence in it must necessarily terminate citizenship in the

■ For the reasons which have been stated, we think that the Commissioner rightly held that the shareholders of the taxpayer corporation who, although United States citizens, were nonresidents of the Virgin Islands, were to be treated as nonresident alien shareholders of the corporation within the meaning of section 1371(a)(3) of the Code as it is to be applied to the Virgin Islands under the mirror theory. Our holding in the Chicago Bridge case, which involved a wholly different provision of the Code, does not require a contrary result. The criterion, in the context of this case, is that the Territory of the Virgin Islands applies the Internal Revenue Code to persons and income within its own taxing jurisdiction just as the federal government applies the Code to persons and income within its own taxing jurisdiction, i.e., the States and the District of Columbia. In the case of the federal government where the individual is either a United States citizen or an alien residing in the taxing jurisdiction, the tax under section 1 of the Code is based upon jurisdiction over the person; where the individual is an alien not residing in the taxing jurisdiction, the tax under section 871 of the Code is based upon jurisdiction over the property or income of the nonresident individual located or earned in the taxing jurisdiction; and these principles are mirrored in applying the Code to the taxing jurisdiction of the Virgin Islands.

---

state or territory from which the individual has permanently removed. For state citizenship follows domicile. Williamson v. Osenton, 1914, 232 U.S. 619. The law does not contemplate that citizenship in two or more states or territories of the Union can be held by an individual at one and the same time. Krasnov v. Dinan, 3 Cir. 1972, 465 F.2d 1298.

From these considerations it would seem to follow that in applying the Internal Revenue Code to the Virgin Islands, citizens of the United States residing in the Virgin Islands are, while they permanently reside there, citizens of the Virgin Islands as well, and are, therefore, to be regarded for income tax purposes as resident citizens of the Virgin Islands rather than as resident aliens, and that the concept of citizens of the Virgin Islands permanently residing elsewhere but retaining their territorial citizenship is legally inadmissible, even though this is legally possible for United States citizens. Slaughter House Cases, 1873, 16 Wall. (U.S.) 36, 74.

The taxpayer corporation contends that the decision in Manning v. Blaz, 9 Cir. 1973, 479 F.2d 333, involved the same issue as is presented in the present case, namely, the status of United States citizens residing in the United States who were shareholders in a Guam corporation electing subchapter S treatment, and that the court in that case did not deny the Guam corporation the right to a subchapter S election. We do not find that case persuasive. It appears that the Government of Guam's Director of Revenue and Taxation appealed from a summary judgment in favor of the Mannings who were denied the right to file a joint return and the right to a standard deduction, and General Insurers, which was denied the right to a subchapter S election under section 1371(a)(3), Int. Rev. Code of 1954. The Mannings were citizens of the United States and nonresidents of Guam; General Insurers had among its shareholders at least three nonresidents of Guam. The court of appeals affirmed the summary judgment per curiam. The decision of the court is unclear as to the grounds on which it sustained the judgment of the district court with respect to the subchapter S election of the Guamanian corporation and we do not have the benefit of the reasoning of the district court which might have discussed that issue. Moreover, shortly before the court of appeals considered the appeal in the Manning case, Congress enacted a statute which, inter alia, eliminated for Guam the problem with which we are here concerned. We do not regard the case as controlling here.

The taxpayer also argues that in the light of the unusual facts in this case and the confusion and inequity that result when the customary definition of "nonresident alien" is strictly applied in the relationship between the United States and the Virgin Islands for income tax purposes, it is unnecessary and contrary to Congressional intent to categorize the three United States citizen-share-

holders as nonresident aliens within the meaning of section 1371(a)(3); that by disallowing the election of the taxpayer to be treated as a subchapter S corporation, the Virgin Islands Government will collect taxes at the corporate level and again will tax the shareholders on those same profits when they are distributed as dividends, which is double taxation, a result which Congress had intended to prevent in enacting subchapter S; and, finally, that the obvious purpose of section 1371(a) was to prevent nonresident aliens from escaping taxation under the Internal Revenue Code, which cannot happen under the circumstances of this case since the three shareholders will be required to file tax returns with the Virgin Islands Tax Division and to pay tax thereon, and that they will receive credit for that tax on their United States' income tax return. These contentions, which the district court found persuasive, we cannot accept. We believe, as we have indicated, that the construction which the Commissioner placed on subchapter S as applied to the Virgin Islands was in accord with the Congressional intent. If it results in some inequity, of which we are not persuaded, the remedy, as the Court of Appeals for the Ninth Circuit pointed out in the Sayre case, must be sought from Congress not from the courts.

We conclude that the district court erred in holding that the Commissioner of Finance of the Virgin Islands was wrong in denying the taxpayer, Great Cruz Bay, Inc., the right to be taxed under subchapter S of the Code.

The order of the district court will be reversed and the cause remanded with directions to dismiss the petition.