**Rupert Brent JOHNSON and Ada Marie Johnson, Petitioners,**

**v.**

**Leroy QUINN, Commissioner, Department of Finance Government of the Virgin Islands,\* Respondent.**

**No. 86–3461.**

United States Court of Appeals, Third Circuit.

Argued April 28, 1987.

Decided June 22, 1987.

Carey R. D'Avino (argued), New York City, Frederick G. Watts, St. Thomas, Virgin Islands, for petitioners.

---

\* The docket sheet of this court, as well as a number of the pleadings and orders in the district court, identify the petitioners as "Rupert Brent and Ada Marie Johnson" and the respondent as "Leroy Quinn, Comm." The Notice of Appeal to this court more completely identifies the parties as captioned above.

Leroy A. Mercer, Atty. Gen., Meno W. Pilaris, Asst. Atty. Gen., Joanne C. Bozzuto, Asst. Atty. Gen. (argued), Dept. of Law, Government of the Virgin Islands, Christiansted, St. Croix, Virgin Islands for respondent.

Before SEITZ, HIGGINBOTHAM, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal presents the question whether Virgin Islands residents who have paid income tax to a state of the United States are entitled to a foreign tax credit against their Virgin Islands tax or only to an itemized deduction in calculating their Virgin Islands tax liability. As we agree with the Commissioner that the equality principle of construction of the Virgin Islands "mirror" tax code and Treasury Regulation § 1.901–1(g)(5) compel the conclusion that the taxpayers may claim only a deduction, we affirm the district court's judgment of deficiency.

### I.

The facts in this case are simple and undisputed. Rupert Brent Johnson and Ada Marie Johnson (the taxpayers) are United States citizens and residents of the Virgin Islands. They filed a joint income tax return in the Virgin Islands reporting their worldwide income for 1978. In that return, the taxpayers claimed a foreign tax credit of $71,337 for income taxes paid to the State of California.

The Commissioner of the Virgin Islands Department of Finance issued a notice of deficiency for $173,921, disallowing the foreign tax credit and four other unrelated deductions, but allowing the taxpayers to treat the California tax as an itemized deduction. The taxpayers filed a petition for redetermination in the district court and moved for partial summary judgment on the issue of the foreign tax credit. The district court denied the motion, stating that the taxpayers' claimed credit was barred both by mirror theory policy and by federal regulation. *Johnson v. Quinn*, 589 F.Supp. 810 (D.V.I.1984).

The parties resolved all issues other than that of the claimed foreign tax credit by stipulation. In that stipulation, the parties agreed that the total amount of the deficiency would be $38,984 if the taxpayers were entitled only to a deduction, not a credit, and only $4,310 if, on appeal, this court reversed the district court's denial of summary judgment for the taxpayers. The disputed amount is thus $34,674. The district court entered judgment for the Commissioner based on that stipulation agreement.[1]

### II.

Virgin Islands taxpayers are subject to the Virgin Islands "mirror" tax system, under which the federal Internal Revenue Code (IRC) is adopted as the Virgin Islands code, with some substitution of language. This court has described the mirror system as follows:

> As we have explained in the earlier cases, Congress neither passed a separate income tax law for the Virgin Islands nor permitted its legislature to do so. Instead, Congress provided that the provisions of United States income tax law should be used in the tax code of the Virgin Islands with necessary nomenclature changes to make them effective, that is, "Virgin Islands" should be substituted for "United States" whenever appropriate. The United States and the Virgin Islands are two separate and distinct taxing authorities, and the revenue

---

1. The district court's judgment from which the taxpayers appeal having stated that it was entered "pursuant to the stipulation of the parties," we originally questioned whether this court had jurisdiction over this appeal from a stipulated judgment. Upon examination of the stipulation agreement we are persuaded that the district court's judgment did not exactly reflect that agreement, *see, People v. Cotton Belt Ins. Co.*, 143 Cal.App.3d 805, 192 Cal.Rptr. 210 (1983). We conclude, and the parties agree, that the intent and meaning of that agreement was to exclude the foreign tax credit question. As there was no consent on that issue, there is no bar to this appeal.

due the Virgin Islands is paid into its treasury. This resulted in what has been called the "mirror system" of taxation. For a history and general description of its operation, *see Dudley v. Commissioner of Internal Revenue,* 258 F.2d 182, 3 V.I. 685 (3d Cir.1958); *Chicago Bridge and Iron Co. v. Wheatley,* 430 F.2d 973, 7 V.I. 555 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 873, 27 L.Ed.2d 809 (1971); and *Great Cruz Bay, Inc., St. John, Virgin Islands v. Wheatley,* 495 F.2d 301, 11 V.I. 189 (3d Cir.1974).

*Vitco, Inc. v. Government of the Virgin Islands,* 560 F.2d 180, 181–82 (3d Cir.1977), *cert. denied,* 435 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978). Virgin Islands residents discharge their United States tax liability by payment of all income taxes to the Virgin Islands, under section 28(a) of Revised Organic Act of 1954, 48 U.S.C. § 1642, which provides in pertinent part,

> [T]he proceeds of the United States income tax ... shall be covered into the treasury of the Virgin Islands, and shall be available for expenditure as the Legislature of the Virgin Islands may provide: *Provided,* That the term "inhabitants of the Virgin Islands" as used in this section shall include all persons whose permanent residence is in the Virgin Islands, and such persons shall satisfy their income tax obligations under applicable taxing statutes of the United States by paying their tax on income derived from all sources both within and outside the Virgin Islands into the treasury of the Virgin Islands....

The Internal Revenue Service has stated that in construing the IRC as in force in the Virgin Islands it is "necessary in some sections of the law to substitute the words 'Virgin Islands' for the words 'United States' in order to give the law proper effect." Rev. Rul. 73–315, 1973–2 C.B. 226. In *Sayre & Co. v. Riddell,* 395 F.2d 407 (9th Cir.1968), a case cited with approval by this circuit in *Vitco,* 560 F.2d at 184–85, and in *Great Cruz Bay, Inc. v. Wheatley,* 495 F.2d 301, 305 (3d Cir.1974), the court, construing Guam's comparable mirror code, noted Congress's codification of the word substitution rule in 42 U.S.C.

§ 1421(e), which states that "except where it is manifestly otherwise required, the applicable provisions of the Internal Revenue Code ... shall be read so as to substitute 'Guam' for 'United States.'" 395 F.2d at 412–13.

In *Great Cruz Bay, Inc. v. Wheatley,* 495 F.2d 301 (3d Cir.1974), this court held that the term "domestic" as used in the IRC as applied to the Virgin Islands refers only to the territory; the rest of the world, including the United States, is considered "foreign." The Service subsequently confirmed that stateside United States persons and income are "foreign" to the Virgin Islands. Rev. Rule 80–40, 1980–1 C.B. 175; Rev. Rul. 73–315, 1973–2 C.B. 225; Rev. Rul. 60–291, 1960–2 C.B. 407.

■ The mirror code system does not always produce identical results to the federal IRC. This does not, however, affect its legal effectiveness. This court has stated that where disparities result in inequity, "the remedy ... must be sought from Congress not from the courts." *Great Cruz Bay,* 495 F.2d at 308.

In *Chicago Bridge and Iron Co. v. Wheatley,* 430 F.2d 973 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 873, 27 L.Ed.2d 809 (1971), however, this court modified the strict mirroring rule by adopting the "equality principle," originally developed with respect to the Guamanian mirror code, which states that

> "[t]he tax to be paid ordinarily is measured by the amount of income tax the taxpayer would be required to pay to the United States of America if the taxpayer were residing in the continental United States," and that the literal terms of the Internal Revenue Code should be modified only by "those nonsubstantive changes in nomenclature as are necessary to avoid confusion as to the taxing jurisdiction involved."

430 F.2d at 975–76 (quoting *Wilson v. Kennedy,* 123 F.Supp. 156, 160 (D.Guam 1954), *aff'd,* 232 F.2d 153 (9th Cir.1956)) (footnote omitted). In *Vitco,* this court reaffirmed the equality principle, noting that " '[t]he

scheme of the statute is to impose a tax obligation to the Virgin Islands equivalent to what the United States would collect on the same income, but for the mirror system,'" 560 F.2d at 185 (quoting *Chicago Bridge*, 430 F.2d at 977).

The taxpayers in the present case urge that the foreign tax credit provided by IRC § 901, 26 U.S.C. § 901,[2] applies to the taxes they paid to California under the mirror code. Under § 901,[3] a United States taxpayer may elect to take a credit against its United States tax liability for income taxes and other taxes paid to a foreign country or a United States possession.[4]

The taxpayers argue that the foreign tax credit is part of the substantive tax law of the Virgin Islands mirror code. The same goal of avoiding double taxation applies to Virgin Islands taxpayers who have paid tax to a state as to a United States taxpayer who has paid tax to a foreign country, they contend.

█ We are not persuaded by this argument, which could as well be made by an Ohio resident who paid California tax and desired a credit, not a deduction, against federal tax. We believe the equality principle compels the conclusion that in order to impose a tax obligation equivalent to what the United States would collect on the same income, but for the mirror system, the tax-

payers are entitled only to a deduction, not to a credit.

In addition to the requirements of the equality principle, we note that a Treasury Regulation specifically addresses the present question. Treasury Regulation § 1.901–1(g)(5) provides in relevant part:

> (g) *Taxpayers to whom [foreign tax] credit not allowed.* Among those to whom the credit for taxes is not allowed are the following:
>
>     *    *    *    *    *    *
>
> (5) ... persons who are inhabitants of the Virgin Islands.

This provision plainly excludes the taxpayers.

The taxpayers contend that § 1.901–1(g)(5) should be construed to apply only to the United States IRC, not to the mirror code, because the inhabitant rule made the credit superfluous for Virgin Islands residents by excusing payment of tax to the federal treasury altogether. This reasoning is specious and inconsistent with the taxpayers' own argument that the foreign tax credit itself is mirrored literally into the Virgin Islands Code.

More problematic is the possibility that the regulation will require unequal treatment of Virgin Islands and stateside United States residents with respect to taxes paid to foreign countries. It does appear

---

**2.** The IRC of 1954 was revised in 1986 and redesignated the IRC of 1986. As the present action is controlled by the earlier code, all references to the IRC herein are to the IRC of 1954 as amended.

**3.** Section 901 reads in relevant part:
[T]he following amounts shall be allowed as [a] credit.... In the case of a citizen of the United States ... the amount of any income ... taxes paid or accrued during the taxable year to any foreign country or to any possession of the United States....
26 U.S.C. § 901(b).

**4.** The Commissioner argues that even if the United States is "foreign" under § 901 as mirrored, the credit is nevertheless unavailable for state taxes, because § 901 refers only to countries and possessions, not to political subdivisions. The only reference to subdivisions is in Treasury Regulation § 1.901–2(g)(2), which, contends the Commissioner, is a general regulation in conflict with a specific one, § 1.901–

1(g)(5), that, as discussed *infra*, denies the credit to Virgin Islands residents altogether. Moreover, the introductory language of § 1.901–2(g) states that the definitions it sets forth are for purposes of only three regulations, not including § 1.901–1, which provides for the credit.

We note, however, that the foreign tax credit has been applied to taxes paid to political subdivisions of foreign countries. *See* Rev. Rul. 74–435, 1974–2 C.B. 204 (credit applies to Swiss canton tax); *cf. Havana Elec. Ry., Light & Power Co. v. Commissioner*, 34 B.T.A. 782 (1936) (credit under old IRC applied to Havana tax) (citing *Burnet v. Chicago Portrait Co.*, 285 U.S. 1, 52 S.Ct. 275, 76 L.Ed. 587 (1932) (political subdivisions' income taxes subject to credit)). In light of our holding that the foreign tax credit is wholly unavailable to Virgin Islands residents, we do not decide the question of applicability of the credit to taxes paid to political subdivisions of foreign countries.

that under § 1.901–1(g)(5) a Virgin Islands resident would not be eligible for a credit for taxes paid to, e.g., Brazil, but that a stateside United States resident would be. The Commissioner concedes that the regulation may be too broad; however, it does not create an improper result in the present case. Moreover, the taxpayers rest their own arguments upon the principle that the mirror code need not always produce identical results for stateside United States and Virgin Islands residents. We agree that the question of dissimilar treatment with respect to taxes paid to foreign countries is not before the court. That the regulation may run afoul of the equality principle on other facts does not justify its rejection here, where it operates to serve that principle.

### III.

In sum, we hold that under the equality principle adopted by this court in *Chicago Bridge* the taxpayers are not entitled to the foreign tax credit for the taxes paid to California, but are limited to the same deduction to which stateside residents of the United States would be entitled. We further hold that Treasury Regulation § 1.901–1(g)(5), denying the foreign tax credit to Virgin Islands residents, is on these facts a valid part of the Virgin Islands mirror tax code and operates to deny the credit to the taxpayers.

Accordingly, the judgment of the district court will be affirmed. Costs taxed to the appellants.