# ABRAMSON ENTERPRISES, INC.

### v.

## GOVERNMENT OF THE VIRGIN ISLANDS of the UNITED STATES; ANTHONY OLIVE, Director, V.I. Bureau of Internal Revenue

(Civil No. 89-00112)

### ABRAMSON ENTERPRISES, INC.

### v.

## GOVERNMENT OF THE V.I. of U.S.; EDWARD THOMAS, Director, V.I. BUREAU OF INTERNAL REVENUE; ALEXANDER FARRELLY, GOVERNOR OF THE UNITED STATES VIRGIN ISLANDS

(Civil No. 91-00289)

Edward E. Thomas, Director as named defendant in No. 1991-289 and as successor in office in No. 1989-112, Virgin Islands Bureau of Internal Revenue, *Appellant*

[994 F.2d 140]

No. 92-7381

United States Court of Appeals

for the Third Circuit

May 28, 1993

386

ROSALIE SIMMONDS BALLENTINE, Attorney General of the Virgin Islands; ROY E. PARROT, Solicitor General; JOSEPH M. ERWIN, Assistant Attorney General (Tax) (Argued), Office of the Attorney General of the Virgin Islands (Department of Justice), Charlotte Amalie V.I., *for appellant*

GEORGE W. CANNON, JR. (LAW OFFICES OF ROSS & CANNON), Frederiksted, St. Croix, V.I.; DENNIS L. WILLS (Argued) (RAYNOR, RENSCH & PFEIFFER), Omaha, Nebraska, *for appellee*

BEFORE: GREENBERG, SCIRICA and GARTH, *Circuit Judges*

## OPINION OF THE COURT

GARTH, *Circuit Judge*

This appeal concerns the narrow question of whether the corporate surtax imposed on Virgin Islands taxpayers pursuant to V.I. Code Ann. tit. 33, § 581 (Supp. 1990) ("§ 581") is deductible from Virgin Islands taxable income under § 164 of the Internal Revenue Code ("§ 164") as applied to the Virgin Islands under the "mirror system" of taxation. We conclude that the surtax is non-deductible and, accordingly, we will reverse the judgment of the district court and direct that judgment be entered in favor of the Virgin Islands Bureau of Internal Revenue.

I.

The relevant facts are not in dispute. The instant appeal encompasses two related actions, consolidated below, which arose when appellants, Virgin Islands Bureau of Internal Revenue and its Directors of record for the relevant periods (collectively, "VIBIR"), assessed tax deficiencies against appellee, Abramson Enterprises, Inc. ("Abramson"), for the years 1986, 1987 and 1988. Abramson had paid the 10% corporate surtax on income imposed by the Virgin Islands and had then deducted the amount of the surtax from its Virgin Islands taxable income.

As the disposition of the case unfolded, the district court first heard the case involving Abramson's 1986 return and issued a memorandum opinion holding that the surtax was not deductible. However, on consideration of the alleged deficiencies for tax years 1987 and 1988, the district court reconsidered the 1986 case as well. After a bench trial, the district court retracted its earlier conclusion and, in a Memorandum and Order dated March 23, 1992, held that the corporate surtax imposed by the Virgin Islands *is* deductible from the taxable income of Virgin Islands corporations. The district court therefore concluded that the notices of deficiency, to the extent that they were related to Abramson's deductions of corporate surtax for the tax years 1986-88, were invalid. VIBIR appeals that decision.

## II.

All facts giving rise to this appeal were stipulated by the parties, and because our holding turns only on a matter of law, our review of the district court's order of March 23, 1992 is plenary. We preface our review with a brief discussion of the relevant statutory framework. The Internal Revenue Code of the United States is made applicable to the Virgin Islands pursuant to the Naval Service Appropriation Act of 1922, 48 U.S.C.A. § 1397 (1987):

> The income-tax laws in force in the United States of America and those which may hereinafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands . . . .

*Id.*

The result of this statute has been to create a "mirror system" of taxation under which Virgin Islands residents discharge their United States tax liability by paying all income taxes directly to the Treasury of the Virgin Islands. The "mirror system" has been applied through rules of construction promulgated by the Internal Revenue Service, VIBIR and the courts. These rules were summarized by this court in Johnson v. Quinn, 821 F.2d 212 (3d Cir. 1987):

> The Internal Revenue Service has stated that in construing the IRC as in force in the Virgin Islands it is "necessary in some sections of the law to substitute the words 'Virgin Islands' for the words 'United States' in order to give the law proper ef-

fect." . . . . In Sayre & Co. v. Riddell, 395 F.2d 407 (9th Cir. 1968), a case cited with approval by this circuit . . . the court, construing Guam's comparable mirror code, noted Congress's codification of the word substitution rule in 42 U.S.C. § 1421(e), which states that "except where it is manifestly otherwise required, the applicable provisions of the Internal Revenue Code . . . shall be read so as to substitute 'Guam' for 'United States.'" 395 F.2d at 412-13.

*Id.* at 214.

As the law has developed under the mirror system, the provisions of the Internal Revenue Code are applicable to the Virgin Islands so long as the specific section to be applied is not "manifestly inapplicable or incompatible with a separate territorial income tax." Chicago Bridge and Iron Co. v. Wheatley, 430 F.2d 973, 976 (3d Cir. 1970) (citations omitted). Moreover, under the "equality principle" discussed in Johnson v. Quinn, 821 F.2d 212 (3d Cir. 1987), "'[t]he tax to be paid [to the Virgin Islands] ordinarily is measured by the amount of income tax the taxpayer would be required to pay to the United States of America if the taxpayer were residing in the continental United States.'" Id. at 214 (quoting Chicago Bridge, 430 F.2d at 975-76).

## III.

### A.

The instant case concerns the applicability of I.R.C. § 164 to income tax paid by Virgin Islands corporations to VIBIR. Section 164(a)(3) states:

Except as otherwise provided in this section, the following taxes shall be allowed as a deduction for the taxable year within which paid or accrued:

. . .

State and local . . . taxes.

I.R.C. § 164(a)(3) (West Supp. 1993). Section 164(b)(2) defines a "state or local tax" as:

. . . a tax imposed by a State, a possession of the United States, or a political subdivision of any of the foregoing, or by the District of Columbia.

389

I.R.C. § 164(b)(2) (West Supp. 1993).

The applicability of § 164 to Virgin Islands taxpayers is presently being challenged as a result of a corporate surcharge that the Virgin Islands has levied against corporations over and above taxes due under the Internal Revenue Code. This surcharge was first authorized in 1976 when, in order to compensate the Virgin Islands for expected lost revenues due to the Tax Reduction Act of 1975, Congress amended 48 U.S.C. § 1397 to allow the Virgin Islands legislature to impose a surtax of up to 10% on federal income taxes, payable to the treasury of the Virgin Islands. The new language read in pertinent part: " . . . notwithstanding any other provision of law, the Legislature of the Virgin Islands is authorized to levy a surtax on all taxpayers in an amount not to exceed 10 per centum of their annual tax obligation to the government of the Virgin Islands." 48 U.S.C.A. § 1397 (1987).

The Virgin Islands legislature, however, chose not to take advantage of its newfound taxing authority until ten years later when it imposed a 10% corporate surtax:

> There is hereby imposed on all corporations that have a liability to pay Virgin Islands income tax a surcharge of ten percent (10%) of each such corporation's total income tax liability, defined as "Total Tax Liability."
>
> . . . .

33 V.I.C. § 581 (a) (Supp. 1990).

Relying on the "equality principle" articulated in Johnson, see supra typescript at 4, Abramson asserts that § 164 must also apply to the corporate surtax paid by a Virgin Islands taxpayer in order to impose on that taxpayer a tax obligation equivalent to one for which a United States taxpayer would be responsible. Abramson argues:

> The Surtax is equivalent to an income tax enacted by a state legislature since it was enacted by the Virgin Islands legislature pursuant to authority granted it by the Congress. If [Abramson] was an United States taxpayer and had paid the Surtax to [VIBIR], there is no doubt that it would be entitled to a deduction for the tax under Internal Revenue Code § 164.

Abramson's Brief at 11.[1]

Although Abramson does not dispute that the surtax in question was imposed pursuant to the authority granted the Virgin Islands in 1976 under § 1397, Abramson nevertheless looks to the legislative history of the Tax Reduction Act of 1986 ("TRA") in order to support its contention that the surtax is deductible pursuant to § 164. Enacted in 1986 after the surtax had been implemented by the Virgin Islands Legislature, TRA § 1274(b) amends 26 U.S.C. § 932 and allows the Virgin Islands to impose local income taxes without regard to the 10% limitation imposed under § 1397:

> (b) Authority to impose nondiscriminatory local income taxes.—Nothing in any provision of Federal law shall prevent the Virgin Islands from imposing on any person nondiscriminatory local income taxes. Any taxes so imposed shall be treated in the same manner as State and local income taxes under section 164 of the Internal Revenue Code of 1954 [section 164 of this title] and shall not be treated as taxes to which section 901 of such Code [section 901 of this title] applies.

TRA § 1274(b) of Pub.L. 99-514, as amended Pub.L. 100-647, Title I, § 1012(w)(4), Nov. 10, 1988, 102 stat. 3530.[2]

In addition to the authority it grants the Virgin Islands to implement "nondiscriminatory local income taxes," Abramson asserts that, on its face, the language of § 1274 (b) mandates that any corporate surtax imposed by the Virgin Islands must be deductible as a "state or local tax."[3] In fact, Abramson insists that even were we to hold that the nature of the surtax (local or federal) is ambiguous in the context of the relevant statutory language, an examination of the legislative history surrounding the enactment of § 1274 (b) evinces Congress' in-

---

[1] There can be little doubt that if Abramson was a United States taxpayer it could under § 164 deduct the Virgin Islands surtax just as it could deduct any other state tax that had been imposed. Here, however, Abramson is not a United States taxpayer, but is rather a Virgin Islands taxpayer seeking to deduct a Virgin Islands surtax from its Virgin Islands taxable income.

[2] I.R.C. § 901 pertains to foreign tax credits and has no relevance in the context of this appeal.

[3] We stress that our opinion today considers and addresses only the deductibility of the *income* surtax imposed by the Virgin Islands on Virgin Islands taxpayers and does not address any other type of tax that might be imposed by the Virgin Islands Legislature.

tent that the surtax, which had been authorized ten years earlier, be treated as a local tax for purposes of § 164. The district court agreed:

> [Abramson's] key piece of evidence . . . is the Senate Finance Committee's Report on the TRA. The report is devoted primarily to a discussion of the substantive changes in § 932 [and] provides a thorough review of the state of the Virgin Islands' tax laws at the time, and an explanation of the effect of the proposed changes in the TRA. The Senate Finance Committee said the following about the surtax permitted by the 1976 amendment of § 1397:
>
> > The Virgin Islands is authorized to impose up to 10-percent surtax on the mirror system tax. Otherwise, the Virgin Islands does not have the power to impose local taxes on income.
>
> Committee Report at 477.

District Court's Order of June 8, 1992 at 2-3 (modifying its memorandum of March 23, 1992) (A120-21).

In regard to the above-cited Senate Finance Committee report, the district court observed, "I understand this statement to mean that the Senate Finance Committee believed that the surtax permitted by the 1976 amendment to § 1397 was a local tax on income, or a local income tax." Id. at 3. On the strength of the Committee's statement, the district court held for Abramson, concluding that § 164 is applicable to the corporate surtax at issue, and that therefore the Virgin Islands surtax paid by Abramson was properly deducted from Abramson's Virgin Islands income.

## B.

Before making any determination as to whether the surtax is of a "local" nature as contemplated by § 164, it is first necessary to determine whether § 164 is applicable to the instant case. For, if § 164, which provides for the deductibility of state and local taxes, is not operable in the context of the instant case, then styling or labeling the surtax as "local" rather than "federal" would be immaterial to the instant appeal since, in either case, no deduction from Virgin Islands taxable income would be permitted.

Claiming that it should pay no more to the Virgin Islands than a similarly situated United States taxpayer would pay to the

United States, Abramson argues that the "equality principle" as discussed in Johnson should control the outcome of this case. We reject Abramson's argument, even though we accept its proposition that if the Virgin Islands were a state whose citizens paid federal taxes to the IRS rather than to VIBIR, the Virgin Islands surtax on corporate income would be deductible from the taxpayer's federal taxable income pursuant to § 164.

Abramson's analogy is inapposite precisely because the Territory of the Virgin Islands is not a state and its citizens do not pay taxes to the IRS. Rather, the surtax at issue is payable into the very same coffers—those of the Virgin Islands—that receive the income tax payments that Abramson seeks to diminish through the deductions at issue.

Under the federal system, state income tax may logically be deductible from taxable income for federal purposes since state and federal governments are separate and discrete entities. In the case at hand, however, Abramson seeks to deduct from its Virgin Islands taxable income (the tax on which is paid directly to VIBIR) a surtax on its income that is also paid directly to VIBIR. The district court would permit such a deduction. Our analysis will not.

That is not to say that the Territory of the Virgin Islands (or even a state) is constitutionally or statutorily barred from providing for such a deduction.[4] Surely if the Territory wished to lower its effective rate of income taxation, it could do so simply by lowering the direct rates at which it taxes income. Imposing a high initial rate of income tax only to reduce it by permitting a deduction for the payment of that same tax is illogical and defeats the Virgin Islands' legislative intent of obtaining the maximum surtax percentage of 10% permitted under 48 U.S.C. § 1397.

In further support of our conclusion, we note that § 1397 authorizes VIBIR to levy up to a 10% surtax on income. Yet, under the scheme proposed by the district court, VIBIR could never realize

---

[4] As demonstrated at oral argument, the taxing scheme which would result from the district court's holding is not, as suggested in VIBIR's brief, mathematically unachievable. However, it is readily apparent, as we point out in text, infra, that under Abramson's theory the Virgin Islands could never succeed in obtaining a full 10% increase in corporate income tax unless it increased the percentage of the corporate surtax to take into account the deduction claimed by the taxpayer—an action prohibited by the ceiling once imposed by § 1397.

the full 10% surtax allowed by Congress because deductions taken pursuant to § 164 would reduce the effective rate of the Virgin Islands surtax to a level below 10%.[5] Thus, application of § 164 to the instant case would not only defy rationality but would serve to frustrate Congress' stated intention of allowing the Virgin Islands to levy a full 10% surtax on income.

Although state and federal taxing schemes are necessarily complex and more than occasionally convoluted, we can think of no circumstance (and the parties could not advise us of one) in which income tax paid to a discrete taxing authority may be reduced by the amount of a payment of the same tax to the self-same authority.[6] If we were persuaded to apply § 164 to the surtax at issue here, assuming that surtax was in truth a tax that could be deducted, such an application of § 164 could only evoke illogical consequences.

The court in Chicago Bridge, 430 F.2d at 976, noted that incorporation of the Internal Revenue Code in the Virgin Islands is limited to those provisions that are "not manifestly inapplicable or incompatible with a separate territorial income tax." Id. Because its application would offend the very concept of an orderly and rational system of taxation, we believe that § 164 is fundamentally inapplicable to the present facts. We therefore hold that the "mirror system" will not allow the application of § 164 to the claimed deductions giving rise to this appeal.

## C.

Having reached the conclusion that § 164 is inapplicable, we need not dwell at length upon the district court's holding that Congress intended the surtax to be a "local" tax. We note that the district court's conclusion that the surtax is of a local nature is based solely on language appearing in a Senate Finance Committee report, written more than nine years after the surtax was authorized by Congress, see supra typescript at 7-8, and makes for a slender

---

[5] Although the exact percentage would vary depending on the circumstances of any particular taxpayer, the effective rate of the surtax would always remain at a level below 10%.

[6] VIBIR calls our attention to I.R.C. § 275 which prohibits the deduction of federal income taxes from federal taxable income and argues that under the "mirror system" no deduction of the Virgin Islands corporate surtax from taxable income may be permitted.

reed upon which to hang the outcome of this case. Whatever meaning the Senate Report may have attributed to the term "local," a term that it did not define, there is simply no evidence that the Senate Committee intended its report to provide for the deductibility under I.R.C. § 164 of a Virgin Islands imposed income surtax from Virgin Islands taxable income.

The mere fact that the Virgin Islands surtax may be labeled a "local" tax because it was enacted by the Virgin Islands legislature does not mean that its styling as "local" carries the import and baggage of a local tax as contemplated by § 164. Rather, because the corporate surtax is a tax on income authorized by Congress it has a federal quality that other taxes imposed by the Virgin Islands legislature may not share. Those other taxes, if they are of the "local" character, may, as we have pointed out, be deductible. But for the reasons we have expressed, a surtax on income which reduces the overall tax imposed by the same taxing authority cannot be styled a "local" tax for purposes of § 164. Thus, even had we not held § 164 inapplicable in the instant case, we would have been disposed to reach the same result based on the nature of the surtax involved here.

## IV.

We will therefore reverse the judgment of the district court and direct the district court to enter judgment for VIBIR.

GREENBERG, *Circuit Judge,* dissenting.

As is clear from my departure from the majority's view and from the district court's change of position over the course of this litigation, reasonable minds can differ—indeed, the same reasonable mind can be in doubt—as to whether the Virgin Islands corporate surtax is a "local" tax within the meaning of 26 U.S.C. § 164. Because I believe the surtax is such a local tax, I would affirm the district court's holding that Abramson Enterprises may deduct the surtax from its taxable income for the years 1986, 1987 and 1988.

To place the issue in a practical perspective, I would note that while Congress authorized the 10% surtax to replace Virgin Islands revenues which might have been lost due to the Tax Reduction Act of 1975, Congress subsequently has given the Virgin Islands legislature broader authority to enact a local income tax in any amount the territorial legislature may find necessary. See Tax Reform Act of

1986, P.L. 99-514, Section 1274(b). Apparently the Virgin Islands legislature has not enacted any taxes as authorized under the Tax Reform Act of 1986, but continues to rely on the 10% corporate surtax enacted pursuant to 48 U.S.C. § 1397. However, it is clear that in the event the deductibility of the surtax would impair Virgin Islands tax revenues significantly, the territorial legislature is empowered to replace or augment the surtax by enacting a new local income tax pursuant to Section 1274(b) of the Tax Reform Act.

One of the majority's chief reasons for finding the surtax non-deductible is that "because the corporate surtax is a tax on income authorized by Congress it has a federal quality that other taxes imposed by the Virgin Islands legislature may not share." [Supra, typescript at 11.] The hesitant "may not" reveals the crux of my disagreement, because in fact *all* taxes imposed by the Virgin Islands legislature must be authorized by Congress, and therefore all such taxes *do* share, necessarily, the "federal quality" of the surtax. While I would agree that one cannot reverse-engineer the "local" nature of the surtax from the text or the legislative history of the subsequent Tax Reform Act of 1986, I would point out that Section 1274(b) of the Tax Reform Act is identical to 48 U.S.C. § 1397 insofar as each is a Congressional *authorization* for the Virgin Islands legislature to enact taxes. In neither case does the tax actually arise unless the territorial legislature itself enacts the tax that is only permitted, and not imposed, by the act of Congress. The Virgin Islands income tax permitted under the Tax Reform Act is, as the majority notes, decidedly deductible by its very terms under I.R.C. § 164. Thus, the corporate surtax does not have any "federal quality" in its structure which the clearly deductible tax of Section 1274(b) does not share. While Section 1274(b) does not in itself "prove" that the earlier surtax should be deductible, it certainly establishes that congressional authorization—which is necessary for virtually any act of the Virgin Islands legislature—does not render the enactments of the territorial legislature any less "local" in character.

The second major point relied upon by the majority is that deductibility of the surtax would mean that the Virgin Islands could not get the full 10% enhancement of the stated maximum surtax rate. However, as Abramson argued explicitly to the district court (App. at 116-117), such partially offsetting effects appear elsewhere in the Internal Revenue Code. (See, e.g., 26 U.S.C. § 401(c)(2)(A)(v),

396

offsetting "earned income" by deductible pension contributions.) Therefore, the existence of offsetting effects in itself indicates nothing about congressional intent. We simply cannot say from the statute or the legislative history, whether Congress wanted the Virgin Islands to accomplish a full 10% revenue enhancement through the surtax, or whether Congress was satisfied to authorize some lesser percentage of revenue enhancement. As a practical matter, it is clear that the Virgin Islands legislature did not view a maximum enhancement as necessary, because it waited nearly 10 years to enact a surtax, and even then, levied the surtax only upon corporate income, and not, as it had been authorized to do by Congress, upon all income. If the complexity of the offset calculation is bothersome, this could easily be remedied by a regulation providing that a surtax paid in a given tax year is not to be deducted until the following tax year.

Altogether, I am persuaded by Abramson's argument that in this case, statutory construction is not much aided by legislative history (appellee's brief at 12), and the court should fall back on the plain language of the relevant statutes and the overall structure of the Virgin Islands taxing scheme. In this regard, I would conclude that the basic "mirror" tax of 48 U.S.C. § 1397, in place since 1921, is a tax "federal" in character because it is imposed by Congress without further action by the Virgin Islands legislature. In contrast, the 10% surtax, added to Section 1397 in 1976, is, like the "local income tax" of Section 1274(b) of the Tax Reform Act of 1986, authorized by Congress but imposed only by an independent enactment of the territorial legislature. Therefore, I believe that the surtax is as much a "local" tax as a tax imposed by a state. I would hold that the surtax of 48 U.S.C. § 1397 is a deductible "local" tax within the meaning of 26 U.S.C. § 164.