**BORAL GAS OF AMERICAN SAMOA, INC., Petitioner,**

**v.**

**FAAFETAI IAULUALO, ACTING TREASURER OF AMERICAN SAMOA, Respondent.**

High Court of American Samoa
Trial Division

CA No. 87-01

January 31, 2003

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Petitioner, Daniel R. King
       For Respondent, Benton H. Walton IV, Asst. Attorney General

## ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION OR NEW TRIAL, AND GRANTING PETITIONER'S MOTION FOR RECONSIDERATION OR NEW TRIAL

Petitioner, Boral Gas of American Samoa ("Boral"), brings this motion for reconsideration or new trial with respect to the Court's opinion and order of October 3, 2002, granting partial summary judgment to the respondent, Faafetai Iaulualo ("Iaulualo"), as the Acting Treasurer of American Samoa and Commissioner of Internal Revenue under the Samoan Income Tax Act ("SITA"). Our order held that Boral was liable for tax deficiencies for the years 1997, 1998, and 1999. For the reasons discussed below, we deny this motion.

Boral also requests, in the event of denial of its motion for reconsideration or new trial, the Court to clarify whether the time of filing a notice of appeal is 90 days from entry of the judgment, excluding the time the motion for reconsideration or new trial is pending, pursuant to SITA § 7483 or 10 days from entry of the order denying the motion for reconsideration or new trial, pursuant to A.S.C.A. § 43.0802.

Iaulualo also brings a motion for reconsideration or new trial with respect to the Court's tentative award of litigation costs related to the summary judgment granted to Boral for the tax years 1994 and 1996. For the reasons discussed below, we will grant this motion.

## I. The Boral Motion

A motion for reconsideration or new trial "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Am. Samoa Gov't v. S. Pac. Island Airsystems, Inc.*, 28 A.S.R.2d 170, 171 (Trial Div. 1995). We made clear in our order that there were no genuine issues of any material facts. Boral does not dispute that. Instead, Boral urges us reconsider or to grant a new trial as to the result reached. As we stated, our holding was "one of statutory interpretation, which is purely a question of law." *Boral Gas of Am. Samoa, Inc. v. Iaulualo*, 6 A.S.R.3d 232, 237 (Trial Div. 2002) (citing *United States v. Blue Cross Blue Shield of Mich.*, 859 F. Supp. 283, 286 (E.D. Mich. 1994)). The arguments Boral now advances are the same as the ones they advanced at the summary judgment stage and present no substantial reasons to reverse our opinion.

Boral continues to argue that A.S.C.A. § 11.0403 automatically incorporates any changes to the Internal Revenue Code ("IRC") even if it

would result in repealing an existing SITA section. It insists the only time that § 11.0403 does not operate in that manner is when our Legislature uses language that clearly "de-links" a SITA provision with its "mirror" IRC provision.

Though it would be clearer if the Legislature were so explicit, it does not follow that the absence of any "de-linking" language will subject a SITA section to automatic impermanence. Instead, in cases where the language of SITA is ambiguous and conflicts with the IRC, we must, and did, determine whether the Legislature *intended* to "de-link" a SITA section. For the reasons stated in our opinion, we continue to believe they did so intend in this case (to de-link A.S.C.A. 11.0533 from IRC § 11(b)).

*Holmes v. Dir. of Rev. & Tax., Gov't of Guam*, 827 F.2d 1243 (9th Cir. 1987) does not support Boral's position. That case, like other cases interpreting territorial mirror tax schemes, simply does what we did— provide the proper statutory interpretation for ambiguous sections of a tax code. *See generally id.; Great Cruz Bay, Inc. v. Wheatley*, 495 F.2d 301 (3d Cir. 1974); *Sayre & Company v. Riddell*, 395 F.2d 407 (9th Cir. 1968). Moreover, those cases involved the interpretation of federal law by federal courts, as the U.S. Congress created the mirror tax codes for Guam, the Commonwealth of the Northern Mariana Islands, and the Virgin Islands. In this respect, while we may look to those cases for guidance, we are free to interpret our own laws differently than similarly worded federal laws. *See Alamoana Recipe Inc. v. Am. Samoa Gov't*, 24 A.S.R.2d 156, 157 (Trial Div. 1993); *see also Wray v. Wray*, 5 A.S.R. 2d 34, 45 (Trial Div. 1987).

## II. Time to Appeal

In tax deficiency proceedings, the "High Court sits as a Tax Court." *Klauk v. Am. Samoa Gov't*, 13 A.S.R.2d 52, 55 n.2 (Trial Div. 1989); *see* A.S.C.A. § 11.0401. In doing so, we follow the tax court rules and procedures set forth in the IRC. *See generally Stephens v. Coleman*, 15 A.S.R.2d 87 (Trial Div. 1990) (applying jurisdictional standards of IRC); *Klauk*, 13 A.S.R.2d. 52 (same); A.S.C.A. § 11.0409.

Under 26 U.S.C.A. § 7483, "Review of a decision of the [High Court, sitting as the] Tax Court shall be obtained by filing a notice of appeal with the clerk of the [High Court] within 90 days after the decision of the [High Court] is entered." *See A.S.C.A.* § 11.0401 (substituting "High Court" for "District Court" and "Tax Court"). Furthermore, "absent an express rule to the contrary, a motion for reconsideration terminates the running of the ninety day limitations period," and, in effect, restarts the clock for appealing if and when the motion is denied. *Nordvik v. Comm'r I.R.S.*, 67 F.3d 1489, 1493 (9th

Cir. 1995). Therefore, notwithstanding the 10-day time limit in A.S.C.A. § 43.0802, we are bound to apply in tax proceedings the time limit of § 7483. *See Atuatasi v. Moaali`itele*, 8 A.S.R.2d 53, 59 n.2 (Trial Div. 1988) (noting that a later statute [in this case SITA] governs the earlier [in this case A.S.C.A. § 43.0802]).[1]

## III. The Iaulualo Motion

During the hearing on both pending motions, Boral acceded to Iaulualo's position that Boral is not entitled to litigation costs. Determination of litigation costs could involve further evidentiary hearings on possibly complex issues, such as the exhaustion of administrative remedies, contested amounts, and substantial justification of Iaulualo's positions before and during this action. We will, therefore, not belabor the issue and grant Iaulualo's motion.

## Order

1. Boral's motion for reconsideration or new trial regarding the court's decision on the tax years 1997, 1998 and 1999 is denied.

2. Iaulualo's motion for reconsideration or new trial regarding litigation costs related to the tax years 1994 and 1996 is granted. Boral shall not recover litigation costs for those tax years.

It is so ordered.

---

[1] We note that we apply the "later statute governs the earlier" standard in this situation because: 1) there is no evidence, either explicitly through a statute or implicitly through Legislative history, that the Legislature intended to "de-link" § 7438 in favor of A.S.C.A. § 43.0802, and 2) following § 7438 is not incompatible with § 43.0802 but rather creates uniformity between tax proceedings here and at the federal level.